**KRAMER–TOLSON MOTORS, INC.,**
Appellant,

v.

**Ira HOROWITZ, by and through his next friend, Mildred Schwartz, Appellee.**

No. 2472.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 16, 1959.

Decided Feb. 2, 1960.

Maurice A. Guervitz, Washington, D. C., for appellant.

Ralph H. Deckelbaum, Washington, D. C., with whom Bernard Margolius and Ben Greenspoon, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee Horowitz, then a minor and in the armed services, went to the used car lot of appellant, Kramer-Tolson Motors, Inc., to purchase an automobile. There he dealt with one Bisogne, appellant's salesman. Horowitz selected the car he wished to purchase, but the salesman on learning that Horowitz was a minor informed him that appellant would not sell to a minor. According to the salesman, Horowitz then said he could get his friend Evans, an adult, "behind the car." According to Horowitz the suggestion of getting an adult came from the salesman. The source of the suggestion is immaterial for the admitted fact is that Horowitz left with the salesman $375 as a deposit on the car, and thereafter

papers for the purchase were prepared at appellant's office, naming Evans as purchaser, and these papers were taken by the salesman to the base where Horowitz and Evans were stationed. There Evans signed as purchaser.

The contract recited a cash deposit of $375 and a balance of $975 to be paid on the 15th of the following month. Neither Evans nor Horowitz was given possession of the car. Horowitz was not able to obtain the balance due to complete the purchase and requested the return of the $375. This request was refused and he brought this action to recover his deposit. The trial court gave judgment in his favor and this appeal followed.

Appellant's denial of liability was based on its president's testimony that he knew nothing of Horowitz's part in the transaction and that as far as the corporation was concerned it dealt with Evans alone. We think the claimed lack of knowledge on the part of the president of the corporation was immaterial. Its agent, the salesman, dealt with Horowitz, and it was chargeable with its agent's knowledge. "The so-called presumption that the principal knows what the agent knows is irrebuttable; it cannot be avoided by showing that the agent did not in fact communicate his knowledge." Bowen v. Mt. Vernon's Savings Bank, 70 App.D.C. 273, 276, 105 F.2d 796, 799.

The corporation's additional disclaimer of responsibility for the action of its salesman because he acted contrary to the company's instructions concerning dealings with minors is entitled to no weight. Obviously the salesman had apparent authority to make the arrangement with Horowitz and Evans. His position as salesman, his knowledge of Horowitz's minority, his suggestion of or acquiescence in the use of Evans as a straw party, his trip to the base to obtain Evans' signature to the papers prepared by the corporation, all indicate that, although the corporation formally did not sell to minors, it was willing to deal with a minor so long as it had an adult to contract with as the formal party.

Finally the argument is made that Horowitz has no right to disaffirm a contract to which he was not a party. We do not view Horowitz's action as seeking to disaffirm Evans' contract. His action sought to disaffirm the authority he had given the corporation to apply his money to Evans' contract. The corporation held $375 which it knew belonged to Horowitz. It had no right to apply this to Evans' contract or use it for any other purpose except by authority of Horowitz. Horowitz was a minor and entitled to disaffirm his authority. On disaffirmance he was entitled to recover. The trial court correctly ruled: "The minor plaintiff, known to be such by the defendant, was entitled to rescind his authorization to the defendant corporation to credit the $375 to the purchase account of Evans, which had been deposited by him with it and for which he ultimately expected to receive a transfer of the equity in the automobile from Evans."

Affirmed.