Clarence YATES, Jr., Appellant,

v.

DISTRICT CREDIT CLOTHING, INC., Appellee.

No. 4156.

District of Columbia Court of Appeals.

Argued April 15, 1968.

Decided May 13, 1968.

A. Lillian C. Kennedy, Washington, D. C., for appellant.

Joseph L. Holland, Washington, D. C., for appellee.

Before MYERS, KELLY and FICKLING, Judges.

MYERS, Associate Judge.

Appellant here challenges the grant of a summary judgment in favor of appellee in a suit filed by appellant wherein he sought damages resulting from the garnishment of his wages.

On June 21, 1962, District Credit Clothing, Inc., appellee, filed a "Statement of Claim" against one Clarence E. Yates, Sr., to recover a balance of $75.98 allegedly due and owing for merchandise purchased. After service was obtained on the named defendant, he appeared in person in the Small Claims and Conciliation Branch of the trial court and confessed judgment for the amount of the claim against him. Arrangements were made to stay execution on the judgment provided he made weekly payments starting July 30, 1962. Although these payments were not made, no effort was made to attach the defendant's salary until November 12, 1965, when a writ of attachment was issued to the Hilton Hotels Corporation as the alleged employer of the judgment debtor. The hotel answered the interrogatories on the garnishment on November 29, 1965, and admitted that the defendant debtor was employed there; but on December 1, 1965, in a letter addressed to the clerk of the trial court and accepted as an amendment to the previous answers to the interrogatories, the hotel informed the court that the writ of attachment had been accepted by the hotel through error. It recited that its records showed that "Clarence E. Yates, *Sr.*" was not an employee of the hotel, although "Clarence E. Yates, *Jr.*" was. It advised the court that it would discontinue attachment of the wages of Clarence E. Yates, Jr., and would so inform the plaintiff, appellee here. Appellant, Clarence Yates, Jr., contends that thereafter the hotel on two occasions withheld

sums from his wages pursuant to the attachment.

Subsequently appellant filed suit against appellee for alleged "defamation of character, to-wit, libel per se * * * and for loss of employment." The latter moved for summary judgment, submitting a Statement of Material Facts and an Affidavit signed by its attorney which merely reviewed the court record of the suit in the Small Claims and Conciliation Branch. In her opposition to this motion, counsel for appellant alleged that "there are many genuine issues of facts herein which can only be determined at the trial of this case on its merits," but neither in the motion nor at oral argument before us did she present any facts to identify these issues or profess to have personal knowledge of the matters alleged.

The only question raised by this appeal is whether the trial judge erred in granting summary judgment in favor of appellee. GS Rule 56[1] itself and the decisions applying this rule make it clear that the motion will be granted only if it appears, from the pleadings and other materials on file at the time of the hearing on the motion, that there exists no genuine issue of any material fact. The movant has the burden of establishing the nonexistence of any such issue. The purpose of the rule is to eliminate a trial in those cases where there is no genuine issue of a material fact concerning a dispositive issue and where the moving party is entitled to judgment as a matter of law. Underwater Storage, Inc. v. United States Rubber Co., 125 U.S.App. D.C. 297, 300, 371 F.2d 950, 953 (1966), cert. denied, 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967).[2] Summary judgment should be used only "where it is quite clear what the truth is."[3] It should not be used where there is a bona fide dispute on factual issues "which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them." Harl v. Acacia Mut. Life Ins. Co., 115 U.S.App. D.C. 166, 169, 317 F.2d 577, 580 (1963), citing Sprague v. Vogt, 150 F.2d 795, 801 (8th Cir. 1945).

We have examined the record before us in the light of these recognized principles. It reveals that appellee had a valid judgment against one Clarence E. Yates, Sr., upon which it properly issued a writ of attachment to the hotel. By mistake, the hotel informed appellee that the judgment debtor was in its employ, but several days later it advised both the court and appellee that it was in error in so reporting and would therefore make no further payments to appellee. The record also reveals that only one writ of attachment was issued to the hotel and that any deduction from the salary of appellant was the result, not of carelessness or negligence on the part of appellee, but of an error by the hotel.

Appellant argues that it was the duty of appellee to take some action to insure that the original and only writ of attachment issued by the store and served on the hotel was withdrawn, but we know of no legal responsibility requiring the store to do anything after it was informed that the hotel

---

1. Rule 56(b) provides that any party against whom a claim is asserted or sought may, at any time, move, with or without supporting affidavits, for summary judgment in his favor upon all or any part thereof.

   Rule 56(e) provides that supporting and opposing affidavits shall be made upon personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of his pleading but must set forth by affidavits or as otherwise provided in this rule specific facts showing that there is a genuine issue for trial.

2. See also Dewey v. Clark, 86 U.S.App. D.C. 137, 180 F.2d 766 (1950); Aderholt v. Lewis, D.C.App., 187 A.2d 488, 489 (1963).

3. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944).

would no longer make deductions from appellant's salary. There is no showing that thereafter appellee did anything to enforce the writ or to damage the character of appellant or cause his discharge.

█ It will not do to say that, given an opportunity to have a full trial, appellant might bring forward other evidence in the way of writings or proof of circumstances over and above that disclosed by the record at the time of the granting of the motion. Appellant may not hold back any evidence or fail to make full disclosure of the facts upon which he relied for recovery. Disclosure under summary judgment must be full and complete. Chambers & Co. v. Equitable Life Assurance Soc., 224 F.2d 338, 346 (5th Cir. 1955).

█ We are of the opinion that the record before the trial judge presented no genuine issue of material fact in respect to appellant's claim for damages for defamation of character, libel per se, and for loss of employment, and hold that the trial judge was correct in granting summary judgment in favor of appellee.

Affirmed.