**Margaret G. DILLARD, Appellant,**

**v.**

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 6342.**

District of Columbia Court of Appeals.

Argued Oct. 4, 1972.

Decided Dec. 12, 1972.

Albert N. Lobl, Washington, D. C., for appellant.

Richard W. Boone, Washington, D. C., for appellee. William H. Seckinger, Washington, D. C., entered an appearance for appellee.

Before GALLAGHER and NEBEKER, Associate Judges, and HOOD, Chief Judge, Retired.

NEBEKER, Associate Judge:

This appeal, from an order granting appellee Travelers Insurance Company (Travelers) summary judgment, questions whether the statute of limitations or contract period had expired for bringing a suit on a group life insurance claim. On review of the record, we are satisfied that the trial court did not err and we affirm.

By unverified complaint, appellant sought to recover accidental death benefits (double indemnity) assertedly due her as beneficiary of a group life insurance policy taken out by her husband's employer. Appellant's husband died on July 26, 1965. She contends that her husband's death was proximately caused by injuries sustained in an accident on June 3, 1965. On August 26, 1965, she submitted a claim for death benefits through her husband's former employer. On October 7, 1965, Travelers paid through the employer $8000 as benefits due under the life insurance provisions of the policy. The matter of double indemnity benefits was not decided at that time. On May 19, 1966, appellee communicated to its policyholder, the husband's former employer, its rejection of the double indemnity claim. Suit was filed on January 13, 1971.

On motion for summary judgment, appellee, in pertinent respect, asserted as uncontroverted facts (1) that proceeds of life coverage ($8000) were paid to appellant on or about October 7, 1965; (2) that payment of the double indemnity claim was disallowed on May 19, 1966; (3) that the insurance contract provided that no action shall be brought unless brought within three years after expiration of the time within which proof of claim was required by the policy (i. e., within 20 days after loss); and (4) that appellant's action was filed on January 13, 1971. The basis for seeking summary judgment was that the action was barred by the statute of limitations,[1] and by the provision of the policy which terminates liability for claims not brought within the designated period of three years. We hold that the statutory period had expired and that Travelers was entitled to judgment as a matter of law.

■ Appellant's Opposition to the Motion for Summary Judgment failed to establish the existence of a genuine issue of material fact as required by SCR Civil Rule 56(e). Her Statement of Material Facts as to Which There is a Genuine Issue (*see* SCR Civil Rule 12(k)) raised issues which merely went to the merits of the claim rather than to the defenses under the statute of limitations and the contractual termination of liability. For example, it was alleged as controverted material facts, *inter alia*, that (1) there was a causal connection between the accident and the death; (2) appellee had a duty to actively seek out all the facts and expert opinions; and (3) appellee had not had competent and expert persons review the case. Additionally, it was asserted by way of legal conclusions without supporting factual assertions that the suit was timely brought; that the claim was in continuing dispute; and that the rejection of the claim was a nullity and of no effect. There were no averments of fact as required by Rule 56(e).

---

1. D.C.Code 1967, § 12-301(7).

In order for appellant to resist Travelers' defenses on the motion for summary judgment it was necessary to assert the existence of a genuine issue of material fact. As to the issues presented on the motion for summary judgment, no disputed facts appear from the unverified complaint or by contravening affidavit. Indeed, no factual dispute was raised respecting the asserted material facts. *See* SCR Civil Rule 56(e).

Appellant "may not rely on matter asserted in argument, oral or written, to create the factual predicate for a trial." Kron v. Young & Simon, Inc., D.C.App., 265 A.2d 293, 295 (1970). Accordingly, since Rule 56(e) provides for a grant of summary judgment, "if appropriate," it remains for us to determine whether the motion and attachments were sufficient to support the order.

■■ As a general rule the statute of limitations begins to run from the date a contract is breached. Fowler v. A & A Co., D.C.App., 262 A.2d 344 (1970). From the uncontroverted facts, Travelers refused the claim for the double indemnity insurance on May 19, 1966, thereby breaching the contract, if a breach had occurred at all. The statute of limitations required suit within three years. The period in which action could be commenced therefore expired on May 19, 1969. This action brought by appellant on January 13, 1971, was accordingly precluded.[2]

■ Appellant also argues that the notification to the former employer and not to herself was not sufficient to commence the statute of limitations period. Although this issue was not properly presented in appellant's opposition to the motion for summary judgment, the point is of no avail to appellant in any event. She submitted her claim as beneficiary to the employer and subsequently received payment of the ordinary life insurance benefits through the employer. Looking to all the facts and circumstances of the case, together with the conduct of the parties and their communication, we find that appellant made the company her agent for claim and payment or rejection purposes. *Cf.* Oney v. Barnes, 5 Ariz.App. 460, 428 P.2d 124 (1967). Notification of action on the claim to the employer was notice to the appellant, notice to the agent being notice to the principal. Kramer-Tolson Motors, Inc. v. Horowitz, D.C. Mun.App., 157 A.2d 625 (1960). *Cf.* Gelb v. Automobile Insurance Co., 168 F.2d 774 (2d Cir. 1948).

Since the action was barred, the judgment is

Affirmed.

---

2. We do not consider appellee's second defense of the contractual termination of liability.