William DILBECK, Appellant,

v.

Andrew P. MURPHY, Appellee.

No. 84–1189.

District of Columbia Court of Appeals.

Submitted Sept. 23, 1985.

Decided Dec. 20, 1985.

Wayne Hartke, Falls Church, Va., for appellant.

Joseph D. Crumlish, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, ROGERS, Associate Judge, and REILLY, Senior Judge.

ROGERS, Associate Judge:

This is an appeal from an order granting summary judgment of $5000 plus interest. The litigation involved a loan made by appellee to appellant in 1976. Upon review of the record we conclude that appellant failed to frame a disputed issue of material fact; accordingly we affirm.

Following the filing of a complaint on February 4, 1983, appellee filed a motion for summary judgment pursuant to Super. Ct.Civ.R. 56 and R. 12(c). Attached to his motion was a Rule 12–I(k) statement of material facts not in dispute. It stated that on March 8, 1976, he had loaned appellant $5000 for 90 days at 8% interest, renewable for 90 days, and that appellant had failed to respond to appellee's letter of February 18, 1981, requesting payment of the loan. A copy of appellee's check dated March 6, 1976, for $5000 made payable to appellant and his letter of February 18, 1981, were attached as exhibits to the Rule 12–I(k) statement. The February 18, 1981, letter stated that renewals of the loan had been made every ninety days at appellant's request. Appellee also attached an affidavit in which he averred that the loan renewals had been made until December 1980, and that he had made a final demand for payment in his letter of February 18, 1981.

Appellant opposed the motion for summary judgment as premature because he was "engaged in motions practice which contests the existence of the alleged note," and stated that he "will certainly dispute plaintiff's allegations if or when it becomes necessary." He argued that any debt was extinguished by the note, the pleadings were not "ripe" for him to answer, and that

[f]or purposes of this motion for summary judgment, defendant denies the allegations of the complaint, denies that he is obligated to plaintiff, denies the allegations of renewal, denies all allegations without prejudice to raising defenses of the statute of limitations or jurisdictional defenses once plaintiff's claims are reduced to a single theory of obligation for the single claim plaintiff asserts against the defendant.

In support of his opposition, appellant appended points and authorities consisting of Rule 56.

The trial court initially denied appellee's motion for summary judgment on February 5, 1984. Appellee filed a motion for reconsideration under Super.Ct.Civ.R. 60(b), on April 16, 1984, requesting partial

summary judgment.[1] Appellant opposed the motion, and a hearing was held on May 30, 1984. At the hearing appellant was given ten days to file an answer, affidavits and a detailed statement of facts in dispute.

On June 8, 1984, appellant filed an answer, which generally denied the allegations in the complaint and asserted that the claim was barred by the statute of limitations. On the same date he also filed a counterclaim alleging that appellee was indebted to him, and submitted responses to appellee's interrogatories and request for admissions. Appellee moved to strike the answer and counterclaim on the grounds that the answer was unsigned as required by Super.Ct.Civ.R. 11, and that appellant was in contempt for failing to comply with the May 30 order. Appellant responded that disputed facts are apparent from his answer and responses to discovery; appellant's counsel "certified" the answer.

On July 5, 1984, the motions judge ruled that appellant had failed to file pleadings as ordered and granted summary judgment as to liability to appellee, ordering the case to be set for *ex parte* proof of damages. On July 10, appellant filed a motion for reconsideration in which he contended that he had responded timely to the May 30 order and that his answer asserted a statute of limitations defense and denied acknowledgement of the debt by receipt of appellee's last demand letter. He further contended that his answers to interrogatories and responses to requests for admissions had placed facts in dispute, and that his attorney had thought the court's oral order of May 30 only required him to file an answer. Appellee opposed the motion for reconsideration on the grounds that appellant had failed to (1) comply with Super.Ct.Civ.R. 11 in filing his answer; (2) file affidavits or a complete set of facts as ordered; (3) comply with Rule 5(e) by ob-

taining the court's permission to substitute his responses to interrogatories for affidavits; and (4) include documentary evidence in support of the allegation in his counterclaim that appellee was indebted to appellant; appellee attached an affidavit denying the indebtedness alleged in appellant's counterclaim. The motions judge denied the motion for reconsideration on the grounds that appellant had failed to comply with the May 30 order or place a material fact in issue. Appellant timely noted an appeal from the grant of summary judgment.

## I.

Summary judgment is properly granted only when the pleadings and other materials on file demonstrate that no genuine issue of material fact remains for trial, and that the movant is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c); *Phenix-Georgetown, Inc. v. Chas. H. Tompkins Co.*, 477 A.2d 215, 221 (D.C. 1984); *McCoy v. Quadrangle Development Corp.*, 470 A.2d 1256, 1258 (D.C.1983); *Burch v. Amsterdam Corp.*, 366 A.2d 1079, 1083–84 (D.C.1976). To be successful, the moving party has the burden of demonstrating the absence of any material factual issue. *Burt v. First American Bank*, 490 A.2d 182, 185 (D.C.1985); *Stevens v. Airline Pilots Association International*, 413 A.2d 1305, 1309 (D.C.1980), *cert. denied*, 449 U.S. 1111, 101 S.Ct. 919, 66 L.Ed.2d 839 (1981); *Nadar v. de Toledano*, 408 A.2d 31, 42 (D.C.1979). The party opposing the motion need only show that there is sufficient evidence supporting the claimed factual issue to require a jury to resolve the parties' differing versions of the truth. *Franklin Investment Co. v. Huffman*, 393 A.2d 119, 121 (D.C.1978). On review of summary judgment, the appellate court makes an independent review

---

1. Appellee also requested permission to introduce, as newly discovered evidence, an affidavit of Claude Bates, a former judge of the City Court of Evansville, Indiana, verifying the facts alleged by appellee. The affidavit of Judge Bates verified the facts in appellee's pleadings, and stated that appellant had admitted borrowing $5000 from appellee and had confirmed his intention on a number of occasions to repay the loan.

of the record, and its standard of review is the same as that of the trial court in initially considering the motion. *Holland v. Hannan,* 456 A.2d 807, 814–15 (D.C.1983).

Rule 56(c) provides the court will grant a motion for summary judgment if pleadings and affidavits show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(e) provides in part that once

> a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, *by affidavits or as otherwise provided in this Rule,* must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. [Emphasis added.]

Rule 56(e) permits the trial court "to accept the moving party's verified version of the facts if it is not countered with specificity in a timely fashion," *Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 517 (D.C.1985); *see Milton Properties, Inc. v. Newby,* 456 A.2d 349, 354 (D.C. 1983); *Joseph v. Parekh,* 351 A.2d 204, 205 (D.C.1976), and to treat as conceded those facts set forth in the movant's Rule 12–I(k) statement in the absence of pleadings which appropriately contest those facts. *Lynch v. Meridian Hill Studio Apts., supra,* 491 A.2d at 521. Mere denials are insufficient. *See Wallace v. Warehouse Employees Union # 730* 482 A.2d 801, 811 n. 29 (D.C.1984).

The motions judge found, and we agree, that appellant had failed to place a material fact in issue. Appellant's answer merely denies the allegations in the complaint and asserts that the action is barred by the statute of limitations. Even assuming that the answer was verified, such general denials and conclusory allegations are, by themselves, insufficient to establish a genuine issue of material fact to preclude summary judgment. *See Dillard v. Travelers Insurance Co.,* 298 A.2d 222, 223–24 (D.C. 1972) (assertion by way of legal conclusions without supporting factual assertions that complaint was timely brought was insufficient to create factual dispute). Since the court directed appellee to file affidavits and a detailed statement of facts in dispute, his answers to interrogatories cannot properly be considered in determining whether appellant has raised a material issue of disputed fact. *See* Rule 56(e) (court must grant permission to substitute answers to interrogatories for affidavits); *United States v. Johns-Manville Corporation,* 259 F.Supp. 440, 455 (E.D.Pa.1966) (order granting summary judgment to plaintiff, stating "[t]he defendant has failed to comply with that Order of the Court" [which granted defendant ten days to file an answer, affidavits, and a detailed statement of facts in dispute]). Appellant's admissions, in which he summarily denied the debt, are similarly deficient. *See Dillard, supra,* 298 A.2d at 223–24. Although appellant had several opportunities to file pleadings to contest appellee's Rule 12–I(k) statement and affidavit—when he was directed by court order and also when he was alerted to his burden in opposing summary judgment on several occasions by appellee's pleadings—he never filed an affidavit or other papers as required by Rule 56(e). Under these circumstances, we find no error by the trial court in ruling that appellant failed to raise a material issue of disputed fact.

■ To prevail on his motion for summary judgment, however, appellee must be entitled to judgment as a matter of law. *Holland v. Hannan, supra,* 456 A.2d at 814; *Nader v. de Toledano, supra,* 408 A.2d at 42. Appellant's answer pleaded the defense of the statute of limitations. Expiration of the statute of limitations is a question of law but certain facts must be resolved before the question of law can be decided. *See Calvin v. Calvin,* 94 U.S. App.D.C. 42, 45, 214 F.2d 226, 229 (1954). The applicable statute of limitations for suits on contracts requires suit to be com-

menced within three years from the time the cause of action accrues. D.C.Code § 12–301 (1981). Where, as here, the uncontroverted facts show a loan of money to be repaid on demand at a specified time, *i.e.,* 90 days after March 8, 1976, the statute begins to run at the time the demand is made. *Nyhus v. Travel Management Corp.,* 151 U.S.App.D.C. 269, 282, 466 F.2d 440, 452 (1972). The three-year statute of limitations normally would have expired in June 1979, thus barring the suit as a matter of law, unless there were intervening circumstances which tolled the statute.

The undisputed facts reveal a loan made by appellee to appellant in 1976 without any written renewals of the loan thereafter, and a final demand for payment made in February of 1981. Since there is no writing signed by the appellant requesting renewals of the loan within the three year period, the statute could not have been tolled under D.C.Code § 28–3504 (1981).[2] *Heffelfinger v. Gibson,* 290 A.2d 390, 394 (D.C.1972). However, the lack of a writing is not fatal to appellee's claim because a written promise or acknowledgment is not the "exclusive escape route from the rigors of the limitations period" and § 28–3504 contemplates other exceptions, notably estoppel, to bar assertion of the statute of limitations. *Brown v. Lamb,* 134 U.S.App.D.C. 314, 315 & n. 2, 414 F.2d 1210, 1211 & n. 2 (1969), *cert. denied,* 397 U.S. 907, 90 S.Ct. 904, 25 L.Ed.2d 88 (1970) (construing D.C.Code § 28–3504 (1967)). Appellant would be estopped from asserting the statute of limitations as a bar to appellee's claim if he had done anything that would tend to lull appellee into inaction and thereby permit the statutory limitation to run against him. *Id.* at 316, 414 F.2d at 1212 (estoppel turned on whether appellant Brown was lulled into inaction by the informal oral assurances and requests not to sue of appellee Lamb which allegedly continued over a period of several

years); *cf. Property 10–F, Inc. v. Pack & Process, Inc.,* 265 A.2d 290, 291 (D.C.1970) (letter stating contract still in existence created an estoppel but defense of statute of limitations not barred since estoppel ceased over two years before statute had run).

Appellee's Rule 12–I(k) statement of undisputed facts states that the loan had been renewed every ninety days at appellant's request. The February 18, 1981, letter, which was attached to the Rule 12–I(k) statement, stated that unless arrangements for payment were made by March 1, 1981, appellee would "have no alternative but to commence suit." The Rule 12–I(k) statement also stated that appellant had not denied the facts stated in the letter nor offered any reply. By affidavit, appellee averred that the loan renewals had been made until December 1980, and that a final demand for payment was made on February 18, 1981. Since appellant failed properly to frame a disputed issue of material fact, we hold that appellee was entitled to judgment as a matter of law.

*Affirmed.*

---

**2.** D.C.Code § 28–3504 provides in relevant part:
   In an action upon a simple contract, an acknowledgement or promise by words only is not sufficient evidence of a new or continuing contract whereby to take the case out ...

of the statute of limitations or to deprive a party of the benefit thereof unless the acknowledgement or promise is in writing, signed by the party chargeable thereby.