William E. MOSELEY, et. al.,
Appellants,

v.

The SECOND NEW ST. PAUL
BAPTIST CHURCH, Appellee.

No. 86–893.

District of Columbia Court of Appeals.

Argued Sept. 23, 1987.
Decided Dec. 4, 1987.

Raymond M. Hertz, with whom Brent D. Cooley, Silver Spring, Md., was on brief, for appellants.

Thomas M. Hogan, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, and MACK and ROGERS, Associate Judges.

PER CURIAM:

We review this case on appeal of a summary judgment granted for appellee, The Second New St. Paul Baptist Church ("Church"), in a tort action brought by appellants, the fathers of two eleven-year-old boys, acting on behalf of themselves individually and their sons in a representative capacity, who sought in the trial court to recover damages sustained from the sexual assault of the two boys by James McKenzie, an employee of the Church.[1] In granting appellee's motion for summary judgment, the trial court concluded that, as a matter of law, the appellants failed to demonstrate that there was a genuine issue as to the sexual acts being within the scope of McKenzie's employment and whether he was negligently hired. Appellants contend that the trial court erred in entering judgment for appellee, arguing that the pleadings, deposition testimony, interrogatories and other information of record raised genuine issues of material fact as to whether McKenzie was acting within the scope of his employment when he sexually assaulted the two children and whether the Church knew or should have known when hiring McKenzie that he had a propensity for such conduct. We disagree and therefore affirm.

The undisputed facts, viewed in the light most favorable to appellants, are as follows. Appellee operates a Church that includes a day-care center in a building attached to the Church and accessible to the Church through a single door. Nearby are the Green Valley Apartments, a senior citi-

---

1. James McKenzie was named as a defendant in the civil suit, and a default judgment was entered against him. He is not a party to this appeal.

zens' apartment building owned and operated by Second New St. Paul's Housing, Inc., a nonprofit organization that is separate and distinct from the Church. At the time of the sexual assaults, one of the victims, D.H., lived in the apartment building with his grandmother; the other victim, A.J., lived in the neighborhood; McKenzie was employed by the Church as a part-time night janitor, a position he had held for approximately one year.

At 8:00 p.m., on September 15, 1982, the two boys, in search of a water fountain and restroom, entered the Church building and made their way toward the school cafeteria. They said they were given permission for this excursion by someone they recognized to be a Church elder. Once in the cafeteria, they were approached by McKenzie who instructed them to leave the building. They complied. Shortly thereafter, the boys encountered another Church elder and again sought and received permission to be on the premises. The boys reentered the school, and again they encountered McKenzie. This time McKenzie did not ask the two boys to leave. Instead, McKenzie grabbed both boys, pushed them against the wall, then took them to a small storage room and locked them inside. Shortly after, McKenzie returned to the storage room, unlocked it, and forced the boys to commit acts of oral sodomy with each other and then with him. He then attempted to force the boys to accompany him to the day-care center; en route, the boys escaped.[2]

Following pretrial filings, interrogatories and the taking of the only deposition, appellee filed a motion for summary judgment and appellants responded. On May 6, 1986, the trial court held that appellants failed to demonstrate that there was a genuine issue as to whether the acts in question were within the scope of McKenzie's

employment and similarly, whether he was negligently hired.

Summary judgment may be granted in an action "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Nader v. de Toledano*, 408 A.2d 31, 41 (D.C.1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1078, 62 L.Ed.2d 761 (1980); *Burch v. Amsterdam Corp.*, 366 A.2d 1079, 1083–84 (D.C.1976); *Yates v. District Credit Clothing, Inc.*, 241 A.2d 596, 598 (D.C.1968).[3] The burden of demonstrating "the absence of any factual issue" is borne by the moving party. *Nader v. de Toledano, supra*, 408 A.2d at 42; *Burch v. Amsterdam Corp., supra*, 366 A.2d at 1084; *Yates v. District Credit Clothing, Inc., supra*, 241 A.2d at 598.

To survive the summary judgment motion, "the opposing party need only show that there is sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Nader v. de Toledano, supra*, 408 A.2d at 42; *International Underwriters, Inc. v. Boyle*, 365 A.2d 779, 782 (D.C.1976). Since the moving party carries the burden of proving no genuine issue of material fact in dispute, "the material lodged in support of the motion must be viewed in the light most favorable to the opposing party." *Nader v. de Toledano, supra*, 408 A.2d at 42; *International Underwriters, Inc. v. Boyle, supra*, 365 A.2d at 782; *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). If the offered evidence and its inferences would permit the factfinder to hold for the non-moving party under the

---

**2.** James McKenzie was charged with two counts of oral sodomy. He pleaded guilty to the felony of enticing a minor for the purpose of taking indecent liberties. D.C.Code § 22–3501(b) (1981). As a direct result of the incident, the Church discharged McKenzie from his job.

**3.** Super.Ct.Civ.R. 56(c) provides in relevant part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

appropriate burden of proof, the motion for summary judgment should be denied. *Nader v. de Toledano, supra,* 408 A.2d at 42.

In reviewing the trial court's summary judgment ruling, it is not the function of this court to resolve factual issues, but rather merely to determine whether any relevant factual issues exist. *International Underwriters, Inc. v. Boyle, supra,* 365 A.2d at 782. We have reviewed the trial court's ruling and conclude that the various pleadings, interrogatories, and depositions before us do not raise genuine questions of material fact as to whether the sexual acts were within McKenzie's scope of employment or, as to whether the Church was negligent in hiring McKenzie. Therefore, summary judgment was proper.

■ In order to raise a genuine issue requiring trial on a theory of respondeat superior, appellants were required to offer evidence that a master-servant relationship existed between the Church and McKenzie, and that the alleged tort occurred while the employee McKenzie was acting within the "scope of his employment." [4] In this regard, this court has consistently held that an employer can be deemed liable for the torts of an employee if the latter's acts grew out of, or were generated by the employment. *See generally Johnson II, supra* note 4, 518 A.2d at 988; *Boykin v. District of Columbia,* 484 A.2d 560, 562 (D.C.1984); *Penn Central Transportation Co. v. Reddick,* 398 A.2d 27, 31–32 (D.C.

1979); *Meyers v. National Detective Agency, Inc.,* 281 A.2d 435, 437 (D.C.1971).

■ In this instance, appellee asserted the absence of any material factual issues. Appellee's pleadings, answers to interrogatories, and summary judgment motion demonstrated that McKenzie was only hired to perform the duties of a part-time janitor at the day-care center. For example, appellee's response to appellant's interrogatory No. 14 stated: "James McKenzie was hired as a part-time janitor to work in the Church's school building from 6:00 p.m. until 10:00 p.m., during which times the building would be vacant. He was hired shortly after 8/30/81; he was discharged after the incident in question. His only duties were to clean the school as a janitor would do."

On the other hand, the complaint makes no allegations, nor asserts any supporting facts, from which it can be inferred, that McKenzie was hired to perform any security function. The complaint states that McKenzie was in the performance of his duties as a "maintenance worker" for the day-care center on the day in question. The record is also deficient of any affidavits that would support appellants' assertion that McKenzie was hired, at least in part, to perform security functions. *See* Super.Ct.Civ.R. 56(e).[5] Further, no support for appellants' claimed factual dispute can be found in the deposition testimony of Eric David, an associate minister of the church, and the only person deposed in the case.

---

4. We have adopted the definition of scope of employment in § 228 of the RESTATEMENT (SECOND) OF AGENCY (1957):

SCOPE OF EMPLOYMENT
§ 228. General Statement
(1) Conduct of a servant is within the scope of employment if, but only if:
(a) it is of the kind he is employed to perform;
(b) it occurs substantially within the authorized time and space limits;
(c) it is actuated, at least in part, by a purpose to serve the master, and
(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the autho-

rized time or space limits, or too little actuated by a purpose to serve the master.
*Johnson v. Weinberg,* 434 A.2d 404, 408–09 (D.C. 1981) (*Johnson I*), *on appeal after remand,* 518 A.2d 985 (D.C.1986) (*Johnson II*).

5. Super.Ct.Civ.R. 56(e) provides, in pertinent part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ In sum, appellants' argument that McKenzie was hired, at least in part, to perform security functions, rests solely on the sequence of events that occurred on the evening in question. *See* Plaintiff's Answers to Defendant's Interrogatories at 30. ("These actions show that Mr. McKenzie was acting in and through the course of his employment".) Appellants' statement of material facts of which there is a genuine dispute makes no reference to any affidavit, deposition, or answer to interrogatories which would create a factual issue in that regard. *See* Super.Ct.Civ.R. 12–I(k). Therefore, appellants have done no more than make conclusory allegations, which by themselves, are insufficient to establish a genuine issue of material fact to preclude summary judgment. *See Dilbeck v. Murphy,* 502 A.2d 466 (D.C.1985); *see also Dillard v. Travelers Insurance Co.,* 298 A.2d 222, 224 (D.C.1972) (an adverse party may not rest on allegations or denials of his pleadings when movant has submitted affidavits or other documents in support of motion, but must set forth specific facts showing a genuine issue for trial); *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 810 (D.C.1984) (general denials and conclusory allegations are, by themselves, insufficient to establish a genuine issue of material fact to preclude summary judgment). Therefore, we find no error in the grant of the motion for summary judgment as there were no genuine issues of material fact for trial.

Accordingly, the judgment below[6] is

*Affirmed.*

---

**6.** Appellant also raised the issue on appeal of negligent hiring. That issue is not dispositive of the case. However, that claim also fails. Our review of the record reveals no evidence that the Church knew or should have known of any prior history of or tendency toward assaults by McKenzie. Further, appellants failed to address the issue of negligence in their opposition to appellee's motion for summary judgment. That being the state of the record, we can only conclude that as to negligent hiring and supervision, appellee's motion for summary judgment was virtually unopposed. Where as here there is a complete failure of proof, summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Vessels v. District of Columbia,* 531 A.2d 1016, 1020 (D.C.1987).