**Steven D. HOSEY, Plaintiff,**

v.

**Anthony C. JACOBIK, Defendant.**

**Civil Action No. 97–00220(SS).**

United States District Court,
D. Columbia.

May 29, 1997.

part of the clearance process, an Office of Personnel Management (OPM) investigator interviewed Plaintiff's former co-workers at ICC, including Jacobik. Plaintiff claims that the supervisor's answers to the OPM questions were defamatory. Although Plaintiff was eventually accepted for the new position, he claims that the supervisor's responses set off a chain of events which in turn caused his clearance to be delayed for approximately five months.

Jacobik has not responded to Plaintiff's suit. Rather, the United States has entered an appearance, certifying that the supervisor was acting within the scope of his employment as an employee of the United States when he responded to the OPM interviewer's questions. Accordingly, the United States claims that it must be substituted as the exclusive defendant pursuant to 28 U.S.C. § 2679. The Government further asserts that pursuant to 28 U.S.C. § 2680(h) it can only be sued for tort under the Federal Tort Claims Act (FTCA). Since the FTCA does not allow the United States to be sued for defamation, the United States moves that this suit be dismissed for lack of subject-matter jurisdiction.

Steven D. Hosey, Baltimore, MD, pro se.

Nancy R. Page, U.S. Attorney's Office, Civil Division, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

The matter is before the Court on the United States' motion to dismiss and on *pro se* Plaintiff's opposition thereto. The Court heard oral argument on May 20, 1997.

### Factual Background

Plaintiff was an employee of the Interstate Commerce Commission (ICC). His second-line supervisor was the defendant Anthony Jacobik. In 1993, Plaintiff was subject to a reduction in force. He subsequently received an offer of employment with another federal agency. The offer was conditioned on his receiving a security clearance. As

### LAW & ANALYSIS

When reviewing a motion to dismiss, a court must accept all of the complainant's well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A court may dismiss a complaint on the pleadings only if it is clear that relief cannot be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Where questions of subject-matter jurisdiction are raised, the Court may consider matters outside of the pleadings. *See, e.g. Gordon v. National Youth Work Alliance,* 675 F.2d 356, 362–63 (D.C.Cir. 1982).

There are two questions presented here: (1) should the United States be substituted as the sole defendant; and (2) is the United

States immune from liability for defamation? For the reasons stated below, both of these questions must be answered in the affirmative and this case must be dismissed.

### A. The United States should be substituted as the sole defendant

Title 28 U.S.C. § 2679 generally protects federal employees from personal liability for tortious actions if they were acting within the scope of employment when committing the alleged tort. In such instances, the United States is substituted as the sole defendant and the action is pursued under the FTCA. 28 U.S.C. § 2679(d)(2).

■ The FTCA, pursuant to 28 U.S.C. § 2679(d)(1), allows the Attorney General to certify that the "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." In this case, the United States Attorney for the District of Columbia, through the Chief of the Civil Division, has certified that defendant Jacobik acted within the scope of his authority as an employee of the United States at the time of the alleged incidents.[1]

The Government's certification creates a rebuttable presumption that Jacobik was acting within the scope of his employment. *Kimbro v. Velten*, 30 F.3d 1501, 1509 (D.C.Cir.1994). This court may still "determine independently whether the employee acted within the scope of employment." *Haddon v. United States*, 68 F.3d 1420, 1423 (D.C.Cir.1995). This is a question of District of Columbia law. *Id.*

Plaintiff's only attempt to rebut the presumption is his assertion that "providing materially false information . . . to a federal background investigator *cannot* conceivabl[y] fall with[in] the 'scope of employment.'" *Plaintiff's Motion to Strike* at 6. In other words, Plaintiff argues that an intentional tort cannot be committed within the scope of employment. This is not consistent with the precedent in this Circuit.

In *Haddon*, the D.C. Circuit examined the "distinction between intentional torts that are a 'direct outgrowth' of an employee's instructions or job assignment and those that are simply made possible by the employee's job." *Haddon* 68 F.3d at 1424. The Court observed that under D.C. law

> "[c]onduct of a servant is within the scope of employment if, but only if: [1] it is of the kind he is employed to perform; [2] it occurs substantially within the authorized time and space limits; [and][3] it is actuated, at least in part, by a purpose to serve the master . . ."

*Id.* at 1423 (*quoting* Restatement (Second) of Agency § 228).

#### 1. Answering an OPM agent's questions is the kind of work federal supervisor is employed to perform

To qualify as conduct of the kind he was employed to perform, the defendant Jacobik's actions must have either been "of the same general nature as that authorized" or "incidental to the conduct authorized." Conduct is "'incidental' to an employee's legitimate duties if it is 'foreseeable,' [in that it is] 'a direct outgrowth of the employee's instructions or job assignments.'" *Id.* at 1424.

The essential question in this case is whether a federal supervisor is authorized to answer questions from a federal investigator. The answer here is clear. The OPM agent was a federal employee conducting an investigation in the name of the federal government. The Defendant was asked questions because of his role as supervisor to the Plaintiff. It would be peculiar to conclude that a federal employee—supervisor or not—cooperating in such an investigation was not engaging in authorized conduct.

#### 2. The conduct occurred "substantially within the authorized time and space limits" of employment

The OPM investigator approached defendant Jacobik at his workplace during work hours at his workplace. Without question,

---

1. Authority was delegated to the United States Attorney by 28 C.F.R. § 15.3. On February 23, 1989, the United States Attorney further delegat- ed that authority to the Chief of the Civil Division of the United States Attorney's Office. Defendant's Motion to Dismiss at 4.

the incident occurred "within the authorized time and space limits."

### 3. *"The conduct was actuated, at least in part, by a purpose to serve the master"*

Even if an employee is acting within the authorized limits of his employment, he does not perform within the scope of his employment if the act "is done with no intention to perform it as a part of or incident to a service on account of which he is employed." Restatement (Second) of Agency § 235. In other words, if viewing the facts in the light most favorable to Plaintiff, the Court concluded that Jacobik gave information to the OPM agent with the sole intent of protecting his own interests, not those of the Government, then Plaintiff would carry his burden on the third prong.

The facts presented in Plaintiff's response to the United States's motion to dismiss, if true, establish that Plaintiff had longstanding disputes in the workplace that resulted in various internal agency actions and a settlement agreement. If proven, they would also establish that Jacobik gave false information to the OPM agent. What is missing is a connection between the two sets of facts. The record is bare of any evidence or plain factual assertions establishing that the alleged false statements were connected in any way to the earlier workplace disputes. What is presented by the Government, and undisputed by the Plaintiff, is a claim that Jacobik was *reluctant* to speak to the agent and had to be urged by his superiors to do so. Furthermore, the Government has claimed, without dispute, that Jacobik's statements to the agent were in fact mixed, with some comments being positive in nature. It is Plaintiff's burden to establish that Jacobik's conduct was not "actuated, at least in part, by a purpose to serve the federal government." He has not met that burden.

The Court therefore finds that Jacobik's responses to the OPM investigator's questions were given within the scope of his employment. Accordingly, the United States' scope certification must be given effect and the United States must be substituted as the exclusive defendant pursuant to 28 U.S.C. § 2679.

### B. *The United States has Sovereign Immunity from Slander Suits*

The United States generally has sovereign immunity from tort suits. Pursuant to the FTCA, the United States has waived immunity for certain types of actions. 28 U.S.C. § 2680(h). Defamation actions are specifically excepted from that waiver.[2] Accordingly, Plaintiff cannot sue the United States for defamation and his claim must fail.

### CONCLUSION

The practice of conducting security clearance checks for potential holders of sensitive government positions is of vital public interest. For such checks to produce complete and accurate information, it is essential that federal investigators receive full cooperation from federal employees like Mr. Jacobik. It goes without saying that the threat of defamation litigation would have an extremely chilling effect on such cooperation.[3] Of course, there is always a risk that a particular employee could use the opportunity to further a personal vendetta against the subject of the investigation. Without clear evidence that this has happened, however, the presumption must be weighed in favor of protecting the Government's security interests.

In this case, it was Plaintiff's burden to show that Jacobik was acting outside the scope of his employment. Even viewing the facts in the light most favorable to Plaintiff, he has not met that burden. As Plaintiff himself concedes, he cannot sue the United States for defamation. Accordingly, Plain-

---

2. The statute refers specifically to "slander" and "libel." Plaintiff in this action alleges defamation. However, defamation is simply a broader term for slander and libel. See *Prins v. International Telephone and Telegraph Corp.,* 757 F.Supp. 87, 90 (D.D.C.1991); Restatement (Second) of Torts § 568.

3. Generally, it would seem that those subjects should be able to speak in confidence. It is not clear to the Court how or why Plaintiff was given access to Jacobik's statements to the investigator.

tiff's case must be dismissed. An appropriate Order follows this opinion.

### ORDER

This matter is before the Court on the United States' Motion to Dismiss and *pro se* Plaintiff's opposition thereto. For the reasons stated in the attached Memorandum Opinion, it is hereby

**ORDERED** that the United States be substituted as the sole defendant in this matter, pursuant to 28 U.S.C. § 2679; and it is further

**ORDERED** that the United States' Motion to Dismiss be **GRANTED;** and it is further

**ORDERED** that this matter be **DISMISSED** for all purposes.