Frank KONARSKI, et. al., Plaintiffs,

v.

Ann BROWN, Chairman U.S. Consumer Product Safety Commission, et. al. Defendants.

No. CIV. 01–1648(RJL).

United States District Court, District of Columbia.

Sept. 26, 2003.

States Consumer Product Safety Commission ("CPSC"); Marc Schoem, Director of the CPSC; Ann Mantalbano, Director of the CPSC; and the CPSC, to dismiss this case because the plaintiffs, Frank Konarski, Gabriel Konarski, Patricia Konarski, John Konarski, Frank Konarski, and DBA FGPI Apartments and Development ("Konarskis"): (1) failed to file an administrative complaint; (2) failed to state a valid jurisdictional claim under the Federal Tort Claims Act ("FTCA") or any other statute; and (3) failed to substitute the United States of America as the defendant. After consideration of the parties' submissions and the relevant law, the Court dismisses this action.

## I. Background

Plaintiffs Konarskis allege that Monier Lifetile manufactured, and subcontractor Rincon Roofing, Inc. installed, defective and potentially dangerous tiles on the roofs of their apartment complexes in Tucson, Arizona. Compl. ¶ 3. The Konarskis claim that they notified the CPSC about the dangerous tiles via an Internet Form Complaint, a letter detailing the problems with the tiles, and a hand-delivered letter of complaint demanding that the CPSC open their case and recall the tiles. *See* Attach. to Mot. in Opp'n to Defs.' Mot. to Dismiss; Pls.' Mot. in Opp'n to Defs.' Mot. to Dismiss at 3. Then, without exhausting administrative remedies through the CPSC, the Konarskis filed a claim against the CPSC, its Chairman, and two CPSC Directors, on July 3, 2001, in the Superior Court of the District of Columbia, alleging that the employees of the CPSC denied the Konarskis relief. On July 27, 2001, the case was removed to the U.S. District Court for the District of Columbia.

## II. Discussion

This Court will grant a motion to dismiss for failure to state a claim if "it

---

Herb J. Malveaux, Washington, DC, for Plaintiffs.

Wyneva Johnson, U.S. Attorney's Office, Washington, DC, for Defendants.

### Memorandum Opinion & Order

LEON, District Judge.

Before this Court is a motion by defendants, Ann Brown, Chairman of the United

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss, the Court accepts all of the complainant's well-pleaded allegations as true and construes them in the light most favorable to the plaintiff. *Hosey v. Jacobik,* 966 F.Supp. 12, 13 (D.D.C.1997) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).[1] Defendants contend that this case should be dismissed because: (1) the United States is the only proper defendant; (2) the plaintiffs failed to exhaust their administrative remedies; and (3) the plaintiffs fail to state a valid jurisdictional claim under the FTCA. The Court agrees as to all three.

First, the defendant employees of the CPSC who allegedly failed to recall the tiles were "acting" within the scope of their employment and therefore are not liable in their individual capacities. *See generally Vanover v. Hantman,* 77 F.Supp.2d 91, 97 (D.D.C.1999) (finding that 28 U.S.C. § 2679 provides federal employees absolute immunity from tort liability for acts done within the scope of their employment); 28 U.S.C. § 2679(d). Because they were acting within the scope of their employment, the only cause of action is an action against the United States under the FTCA. *Kimbro v. Velten,* 30 F.3d 1501, 1509 (D.C.Cir.1994). For the plaintiff to have raised a material dispute regarding the substance of the Government's certification that the defendants were acting within the scope of their employment, they would have to have alleged "facts that, if true, would establish that the defendants were acting outside the scope of

their employment." *Stokes v. Cross,* 327 F.3d 1210, 1214–1216 (C.A.D.C.2003); *see Koch v. United States,* 209 F.Supp.2d 89, 92 (D.D.C.2002) (citation omitted) (explaining that both the discovery process and an evidentiary hearing are only necessary if the court concludes that there is a "genuine dispute of fact material to the scope-of-employment issue"). Taking all of the plaintiffs' allegations as true, they would not be able to rebut the certification, even with additional discovery. That is, the plaintiffs have not "pled sufficient facts that, if true, could rebut the certification." *Stokes,* 327 F.3d at 1216; *see Haddon v. United States,* 68 F.3d 1420, 1423, (D.C.Cir.1995) (citing *Kimbro,* 30 F.3d at 1505) ("the federal court *may* determine independently whether the employee acted within the scope of employment and, therefore, whether to substitute the federal government as the proper defendant") (emphasis added); *Caesar v. United States,* 258 F.Supp.2d 1, 5 (D.D.C.2003) (finding that the underlying material facts are undisputed, and thus the Court can find, as a matter of law, that the defendant was acting within the scope of her employment).

Independent of the Government's certification, the facts, as alleged by the plaintiff, clearly demonstrate that the employees of the CPSC were acting within the scope of their employment. The conduct of an employee is within the scope of his employment if: (1) it is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the master; and (4) if force is intentionally used by the servant against another, the use of force is

---

**1.** Additionally, when the Court addresses a question of subject-matter jurisdiction it may consider matters outside of the pleadings.

**1.** Additionally, when the Court addresses a question of subject-matter jurisdiction it may consider matters outside of the pleadings. *Hosey,* 966 F.Supp. at 13 (citing *Gordon v. Nat'l Youth Work Alliance,* 675 F.2d 356, 362–63 (D.C.Cir.1982)).

not unexpected by the master.[2] *Haddon,* 68 F.3d at 1423–24 (citing *Moseley v. Second New St. Paul Baptist Church,* 534 A.2d 346, 348 n. 4 (D.C.1987) (quoting Restatement (Second) of Agency § 228 (1957))). Defendants' alleged failure to inspect, warn, and recall the tiles, falls within the directives of 15 U.S.C. § 2051, which charges the CPSC with the responsibility for the protection of consumers from unsafe products. Compl. ¶¶ 9, 13; 15 U.S.C. § 2051. Thus, the defendants' decision not to investigate the tiles in question was the kind of decision that employees of the CPSC are employed to perform because it was of the same general nature as the conduct authorized. *See Haddon,* 68 F.3d at 1424. The CPSC employees reached their decisions regarding the inspection of the tiles in question while at work at the CPSC and within the confines of the daily decisions made at the CPSC. In short, they made this decision to fulfill their job responsibilities.[3] Thus, the only cause of action is an action against the United States under the FTCA. *Kimbro,* 30 F.3d at 1504; 28 U.S.C. § 2679(b)(1).

■ Even if this Court were to grant the plaintiffs' request to add the United States as a defendant, Pls.' Mot. in Opp'n to Defs.' Mot. to Dismiss ¶ 5, this case would still be barred, however, under the FTCA because the plaintiffs by their own admission, Pls.' Mot. in Opp'n to Defs.' Mot. to Dismiss ¶ 1; Mem. of P. & A. Supp. Defs.' Mot. to Dismiss at 4; *see*

*generally* Rosenthal Decl., failed to exhaust their administrative remedies available through the CPSC. *See* 28 U.S.C. § 2675;[4] *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (holding that petitioner's case was properly dismissed because he failed to heed the clear statutory command which states that the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); *Jackson v. United States,* 730 F.2d 808, 809 (D.C.Cir.1984) (affirming the district court's dismissal of a claim brought under the Federal Tort Claim Act for failure to exhaust administrative remedies prior to bringing suit). Their claim that this action can still be brought nonetheless under 15 U.S.C. § 2053 because it "allows for an action to be instituted without the prerequisite filing of an administrative claim or the following of any other procedure under the FTCA by the claimant," Pls.' Mot. in Opp'n to Defs.' Mot. to Dismiss ¶ 1, is equally without merit.

Under Title 15 U.S.C. § 2053(i), a civil action can be filed against the United States when there is "any exercise or performance, or failure to exercise or perform, a discretionary function on the part of the [Consumer Product Safety] Commission or any employee thereof, which exercise, performance, or failure was grossly negligent; *and [the civil action] is not made with respect to any agency ac-*

---

2. The question of force is not at issue in this case because there are no allegations that there was any force used by the employees of the CPSC. *See generally* Compl.

3. Defendants alleged failure to inspect, warn, and recall the tiles falls within the directives of 15 U.S.C. § 2051 which charges the CPSC with the responsibility for the protection of consumers from unsafe products. Compl. ¶¶ 9, 13; *see* 15 U.S.C. § 2051.

4. "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675.

*tion."* 15 U.S.C. § 2053(i) (2003) (emphasis added). The plaintiffs' allegation, however, constitutes an agency action because the CPSC is an "agency" and the alleged failure of CPSC employees to inspect the tiles falls within the definition of an agency action, which is defined as the "whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or *denial thereof,* or *failure to act.*" 5 U.S.C. § 551(13) (emphasis added); *see also Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n,* 324 F.3d 726 (D.C.Cir.2003) (referring to the CPSC as an agency and applying relevant administrative law principles); 15 U.S.C. § 2053(a) (the CPSC is an independent regulatory commission); 5 U.S.C. § 551(1) (defining an agency as an authority of the Government of the United States). Therefore, the plaintiffs cannot rely on 15 U.S.C. § 2053 as an independent cause of action. *See generally Jayvee Brand, Inc. v. United States,* 721 F.2d 385, 390 n. 2 (D.C.Cir. 1983) (explaining that 15 U.S.C. § 2053 makes it plain that the exception operates only on claims that are not with respect to "agency actions" as defined by the Administrative Procedure Act).

In sum, the FTCA is the exclusive remedy for injuries caused by the negligence of a federal employee acting within the scope of his employment. Each of the defendants here was acting within the scope of his employment. Furthermore, the FTCA bars a claimant from bringing suit until they have exhausted their administrative remedies, which the plaintiffs failed to do. Lastly, there is no jurisdictional basis for the plaintiffs' claim outside the FTCA. Therefore, for the foregoing reasons, the Court grants the defendants' motion to dismiss.

### III.  Order

For the foregoing reasons, it is on this 26th day of September 2003, hereby

**ORDERED** that defendants' motion to dismiss [# 14] this case is GRANTED;

**SO ORDERED.**