Karl OHLIGER, Plaintiff-Appellant,

v.

UNITED STATES of America and Oscar Redding, Defendants-Appellees.
No. 8, Docket 27358.

United States Court of Appeals
Second Circuit.

Argued Oct. 3, 1962.

Decided Oct. 3, 1962.

Lawrence Waldman, New York City, for appellant.

David R. Hyde, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, on the brief), for defendant-appellee United States.

Before LUMBARD, Chief Judge, and FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM.

We are presented with appeals in this case and a companion case from two separate orders entered by Chief Judge Ryan of the Southern District of New York on November 16, 1961 denying the appellants' motions to vacate the dismissal of two actions brought by them in the District Court for the Southern District of New York. These actions were based upon a motor vehicle collision which occurred on July 29, 1957 between a United States mail truck and an automobile operated by Karl Ohliger, appellant in this case, and in which John P. Ohliger and Patricia E. Newton, appellants in the companion case, were passengers.

Appellant Karl Ohliger filed suit against the United States on January 9, 1959, and after issue was joined, the United States submitted interrogatories to the appellant which remained unanswered until June 19, 1961. At that time, an order was entered dismissing appellant's complaint for failure to prosecute. He had earlier been ordered, after appearing at a Review Call on December 8, 1960, to complete discovery and to place his suit on the trial calendar within six months. After the dismissal, more than four months passed before the appellant moved to set it aside, and this motion was denied by Judge Ryan.

We affirm the denial of the motion.

Since the date his complaint was filed, the appellant has consistently failed to prosecute his claim and to respond to the interrogatories submitted by the defendant. Counsel justifies his conduct by pleading ignorance of the Court's rules of procedure. Surely this is not the sort of "excusable neglect" contemplated by Federal Civil Rule 60(b), 28 U.S.C.A. as ground for vacating an adverse judgment. Counsel's carelessness cannot be excused by this Court if it is to perform

its obligation to other litigants whose cases are necessarily delayed by such conduct. Judge Ryan's order under Rule 60(b) should be overturned only if there is a clear abuse of discretion, and none has been shown. We agree with the court below that "efficient judicial administration dictates that the relief sought must be denied." See Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; Bardin v. Mondon, 298 F.2d 235 (2d Cir.1962); Joseph v. Norton Co., 273 F.2d 65 (2d Cir.1959), in all of which the exercise of the District Judge's discretion was upheld in cases far more diligently prosecuted than the one before us. Affirmed from the bench.