HOUSEHOLD FINANCE
CORPORATION,
Appellant,

v.

Bernice FRYE, Appellee.

No. 81–253.

District of Columbia Court of Appeals.

Submitted Dec. 10, 1981.

Decided May 24, 1982.

Martin S. Protas, Rockville, Md., was on the brief for appellant.

Samuel Y. Botts, Washington, D. C., was on the brief for appellee.

Before NEWMAN, Chief Judge, FERREN, Associate Judge, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

This appeal is from an order granting appellee's motion to vacate a default judg-

ment entered over four years earlier. The issue on appeal is whether the trial court properly granted appellee's motion pursuant to Super.Ct.Civ.R. 60(b)(6) or whether appellee's claims were cognizable only under Rule 60(b)(1), in which case the trial court lacked jurisdiction to vacate the default judgment because of the one-year time limit applicable to that subpart of the rule. Finding, as we do, that appellee's claim described the type of "mistake, inadvertence, surprise, or excusable neglect" fitting squarely within Rule 60(b)(1), we conclude that the trial court erred in resorting to the language of Rule 60(b)(6), providing relief for "any other reason justifying relief from the operation of the judgment."

That issue arose after suit was filed April 7, 1976, by appellant—Household Finance Corporation against appellee and her husband to recover the balance due on a sum borrowed in 1973. A copy of the complaint and a summons were served personally on April 9, 1976. The summons warned in bold-faced type that a judgment by default could be entered if appellee failed to file an answer within twenty days and/or appear in court at the designated time. Appellee asserts that although she and her husband separated after borrowing the money from appellant, she had spoken with her husband about the suit and he had promised to make arrangements for payment of the amount due. On April 10, 1976, appellee's husband filed an answer indicating a willingness to begin a regular repayment schedule. No answer was filed by appellee and a default judgment was entered May 19, 1976, as to appellee only. Appellant moved for judgment on the pleadings on June 16, 1976. That motion was granted July 2, 1976, as to appellee's husband. Due to a misunderstanding regarding the status of the earlier suit against appellee, appellant filed a second suit against appellee in 1980. When appellant learned that a default judgment had been entered in 1976 against appellee, it moved to dismiss the 1980 case. Then, on October 10, 1980, over 52 months after the default judgment was entered, appellee moved to vacate that judgment. After a hearing on December 17, 1980, the trial

court granted appellee's motion. The court found that the case came within subpart (6) of Rule 60(b), rather than subpart (1), because there was no "neglect" on appellee's part but rather "an ignorance of the law." Notice of this appeal followed.

■ Appellee argues that she was not given notice of the default judgment and that she relied on her husband's assurances that he would arrange to pay appellant the amount owed. The argument regarding notice lacks merit. Where appellee receives a summons clearly indicating the consequences of failing to answer the complaint and appear in court and a default judgment is entered by the Clerk pursuant to Super. Ct.Civ.R. 55(b)(1), notice of the default judgment is not required. *See Tribble v. American Mutual Insurance Company of Boston*, D.C.App., 277 A.2d 659, 661 (1971).

Super.Ct.Civ.R. 60(b)(1) provides that a court may relieve a party from a final judgment where "mistake, inadvertence, surprise, or excusable neglect" is shown. However, a 60(b)(1) motion must be filed not more than one year after the judgment has been entered. Rule 60(b)(6) provides for vacating an order or judgment for "any other reasons justifying relief from the operation of the judgment." Motions filed under 60(b)(6) need be filed only within a reasonable time.

■ It is well settled that the more lenient provisions of Rule 60(b)(6) may not be used to nullify the specific time limitations of Rule 60(b)(1) "nor can it include any of the grounds for relief provided elsewhere in Rule 60(b)." *Calvert Credit Corporation v. Foster*, D.C.App., 252 A.2d 521, 522 (1969). *See Smith v. Reese*, D.C.App., 221 A.2d 439 (1966). In short, subparts (b)(1) and (b)(6) are mutually exclusive. *Clark v. Moler*, D.C.App. 418 A.2d 1039, 1041 (1980). Regarding Rule 60(b), this court has said:

> The dominant purpose of this rule is to "buttress the finality of judgments" by providing a definite time limit within which to attack final judgments. At the same time, it was considered necessary to

allow, through the "catch-all" provision of subsection (6), a method for granting relief beyond the time limitation *in unusual and extraordinary situations justifying an exception to the overriding policy of finality....* [*Railway Express Agency, Inc. v. Hill*, D.C.App., 250 A.2d 923, 925 (1969) (emphasis added).]

*See Union Storage Company, Inc. v. Knight*, D.C.App., 400 A.2d 316 (1979). Here, appellee's explanation for waiting over four years before moving to vacate the default judgment falls short of the requirement that there must be exceptional circumstances to warrant relief under Rule 60(b)(6). *Compare Ohio Valley Construction Co., Inc. v. Dew*, D.C.App., 354 A.2d 518 (1976); *Citizens Building and Loan Association of Montgomery County, Inc. v. Shepard*, D.C.App., 289 A.2d 620 (1972).

The trial court found that appellee was ignorant of the law and vacated the default judgment pursuant to Rule 60(b)(6). It is not clear that ignorance of the law would be a ground for granting relief under any part of Rule 60(b). *Compare United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.), *cert. denied sub nom.* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971), *with Dormeyer Company, Inc. v. M. J. Sales and Distributing Company*, 461 F.2d 40 (7th Cir. 1972). Nonetheless, if we assume that it is a cognizable claim, ignorance of the law would describe "mistake" or "excusable neglect," thereby bringing the claim within 60(b)(1). Since 60(b)(1) would encompass alleged ignorance of the law, granting appellee's motion to vacate pursuant to 60(b)(6) was error.

Accordingly, the order of the trial court granting appellee's motion to vacate the default judgment is

*Reversed.*