Robin G. LYNCH, Appellant,

v.

MERIDIAN HILL STUDIO APTS., INC., Margaret K. Scott and Wilson L. Scott, Appellees.

No. 84–277.

District of Columbia Court of Appeals.

Argued Nov. 27, 1984.

Decided April 25, 1985.

Jeff A. Sacks, for appellant.

Donald J. Caulfield, Washington, D.C., for appellee Meridian Hill Studio Apts., Inc.

Morris R. Battino, Washington, D.C., with whom Christopher E. Hassell, Washington, D.C. was on brief, for appellees Margaret K. Scott and Wilson L. Scott.

Before FERREN, BELSON and ROGERS, Associate Judges.

FERREN, Associate Judge:

This is an appeal from the denial of plaintiff-appellant's motion to vacate summary judgments for defendant-appellees in an action to recover for property damage from a fire. The trial court had granted the summary judgments because of appellant's failure to file timely oppositions. The motions judge subsequently denied without a hearing the motion to vacate, ruling that counsel's proffered reason for the default—his own careless failure to observe the 10–day time requirement of Super.Ct.Civ.R. 12–I (e)—was not "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Super.Ct.Civ.R. 60(b)(1). We conclude that the judge did not abuse his discretion in denying the motion on the ground advanced by counsel. We also conclude, *sua sponte*, that although the trial court erred in granting the judgments simply because the motions were unopposed, a review of the pleadings, affidavits, and other papers (as required when no opposition has been filed) makes clear that appellees are entitled to summary judgment. Accordingly, we affirm.

## I.

Appellant Robin Lynch filed a tort action alleging damage to personal property in her apartment caused by heat, smoke, and vapor from a fire in the neighboring apartment of appellees Margaret and Wilson Scott. Appellant claimed that the Scotts and appellee Meridian Hill Studio Apartments, Inc. (the cooperative association holding legal title to the Scotts' unit) were jointly and individually liable for negligence and fraud in maintaining a defective party wall that caused the damaging smoke to spread into her apartment.[1]

The Scotts and Meridian Hill filed motions for summary judgment on October 25 and 26, 1983, respectively. Appellant did not file a timely opposition to either motion.[2] The trial court granted both motions, as unopposed, on December 9, 1983. On December 19, 1983, appellant filed a motion to vacate under Super.Ct.Civ.R. 60(b)(1) and appended belated oppositions to the motions for summary judgment. The motion was denied without a hearing. Appellant filed a timely appeal.

Appellant stated in the motion to vacate, and urges on appeal, that the failure to file timely oppositions was attributable to the mistake, inadvertence, and excusable neglect of youthful counsel, who was handling his first court case. Counsel mistakenly thought that, under Super.Ct.Civ.R. 56(c), a hearing would be scheduled on the summary judgment motions as a matter of course, and that he would receive at least 10 days notice of that hearing as the event triggering his responsibility to file oppositions. He failed to notice that, under Super.Ct.Civ.R. 12–I—which is cross-referenced in Rule 56—an opposition must be filed within 10 days of service of a summary judgment motion. *See supra* note 2.

## II.

The grant or denial of a motion to vacate "is within the discretion of the trial court," and "its determination will be disturbed on appeal only upon a showing of abuse of discretion." *Joseph v. Parekh,* 351 A.2d 204, 205 (D.C.1976) (citations omitted). We agree with the trial court's im-

1. Appellant rented her three-story apartment from the Scotts, who lived in the apartment below appellant's. The two apartments once had comprised a single residential unit. They were separated by a foyer-area wall that alleg-·edly did not meet building code requirements.

2. Oppositions were due by November 7 and 8, 1983, respectively. *See* Super.Ct.Civ.R. 12–I(e) ("statement of opposing points and authorities shall be filed and served within ten days" of motion or within "such further time as the Court may grant"); Super.Ct.Civ.R. 12–I(k) (party opposing summary judgment may file statement of material facts as to which there is no genuine issue "within ten days after service of the motion upon him"); Super.Ct.Civ.R. 6(e) (three days added to filing period if party served by mail).

plicit finding that the extenuating circumstances claimed by appellant's counsel did not satisfy any requirement of Rule 60(b)(1).

That provision of Rule 60 is designed to provide relief for a mistake which could not have been avoided through due diligence of counsel. *See Kasachkoff v. Ross H. Finn Co.*, 408 A.2d 993 (D.C.1979) (relief granted for counsel's reasonable, mistaken belief that parties had reached a settlement). The courts accordingly will treat a mistake of fact with greater leniency than a mistake of law, *see id.* at 995, since knowledge of the law is ordinarily imputed to counsel.

For example, in *Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801 (D.C.1984), which addressed a motion for relief from summary judgment brought under Super.Ct.Civ.R. 59(e), we recently wrote that "a mistake of law" will "rarely warrant relief." *Id.* at 804 & n. 10.[3] Similarly, in *In re Estate of Starr*, 443 A.2d 533 (D.C.1982), we said that if a practice governing the probate court's award of brokerage commissions was "well-known as a standard court practice" (we remanded for a determination on this point), then counsel's ignorance of that practice and consequent failure to protect his client's

right to a commission was no basis for relief under Rule 60(b)(1). *Id.* at 537. Counsel's "failure to ascertain adequately the applicable court procedures and to so advise appellant is not excusable neglect and may not be the type of mistake warranting relief from the order." *Id.* (citations omitted).

A number of federal courts also have held that ignorance of court rules and procedures cannot be "excusable neglect" under the corresponding federal rule, Fed. R.Civ.P. 60(b).[4] For example, in *Quality Prefabrication v. Daniel J. Keating Co.*, 675 F.2d 77 (3d Cir.1982), counsel's error was strikingly similar to the one in this case. Counsel failed to respond to a motion to compel production of documents in "the mistaken belief that the motion would be heard unopposed." *Id.* at 79 n. 3. Actually, a local court rule required counsel to file a brief in opposition within ten days after service of the motion. The court of appeals declined—as we do—to decide that failure to understand or observe court rules is *per se* inexcusable neglect; but it held that the district court had not abused its discretion in determining, on the facts presented, that the neglect was not excusable.[5]

3. In this connection, *Wallace* cited *Household Fin. Corp. v. Frye*, 445 A.2d 991, 993 (D.C.1982) ("It is not clear that ignorance of the law would be a ground for granting relief under any part of Rule 60(b)") (dictum) and *Graves v. Nationwide Mut. Ins. Co.*, 151 A.2d 258, 261 (D.C.1959) (no relief under Rule 60(b)(1) when counsel claimed "surprise" at opponent's reliance on rule of court; counsel is charged with knowledge of trial court rules).

4. We construe the rules of the Superior Court in light of the corresponding federal rules, unless such interpretation is contrary to binding precedent. *Wallace*, 482 A.2d at 807 (citing *Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 472 (D.C. 1983) and *Campbell v. United States*, 295 A.2d 498, 501 (D.C.1972) ). *See also Sellars v. United States*, 401 A.2d 974, 978 (D.C.1979); *Taylor v. Washington Hosp. Center*, 407 A.2d 585, 590 & n. 4 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980); D.C.Code § 11–946 (1981).

5. *Accord Clarke v. Burkle*, 570 F.2d 824, 831 (8th Cir.1978) (relief from judgment should not be granted under 60(b) simply because judgment may have resulted from counsel's mistake of law) (dictum); *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir.1969) (no 60(b)(1) relief for unlawful inclusion of interest provision in consent judgment against United States where government was fully apprised and should have challenged on appeal); *Ohliger v. United States*, 308 F.2d 667 (2d Cir.1962) (ignorance of court rules did not excuse under 60(b) counsel's failure to respond to interrogatories); *Hulson v. Atchison T. & S.F. Ry. Co.*, 289 F.2d 726, 730 (7th Cir.) (plaintiffs' failure to file timely motion for judgment n.o.v., because of mistaken belief that agreement between counsel could extend filing deadline, was no ground for relief), *cert. denied*, 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36 (1961); *Nugent v. Yellow Cab Co.*, 295 F.2d 794, 796 (7th Cir.1961) (invalid agreement to extend time for filing new trial motion, resulting from ignorance of rules, no basis for relief), *cert. denied*, 369 U.S. 828, 82 S.Ct. 844, 7 L.Ed.2d 793 (1962);

■ We reach our decision mindful that a mistake of law, under some circumstances, has furnished the basis for post-judgment relief.[6] We also are aware that when appellate courts have sustained the denial of Rule 60(b) relief, counsel's error has often been more prejudicial to the opposing party than in this case.[7] Nonetheless, such exceptional situations do not derogate from the general principle, applicable here, that an attorney's mistake of law will not serve as basis for Rule 60(b)(1) relief. As a consequence, counsel's mistake must usually be imputed to, and thus bind, the client. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Railway Express Agency, Inc. v. Hill,* 250 A.2d 923, 926 (D.C.1969).

■ There is, however, one exception. Counsel's conduct will not be imputed to the client, and thus relief will be available under Rule 60(b)(1), when that conduct "is *outrageously* in violation of either his express instructions or his implicit duty to devote reasonable efforts in representing his client," provided that the client himself is diligent in pursuing the claim. *Railway Express Agency,* 250 A.2d at 926 (citations omitted) (emphasis added).[8] On the facts here, however, counsel's ignorance of a filing deadline was not the kind of out-

---

6. *See, e.g., Manos v. Fickenscher,* 62 A.2d 791 (D.C.1948) (appellant's negligent reading of summons which resulted in default judgment against him was ground for relief where he acted with "reasonable diligence" after notice of default); *Griffin v. Kennedy,* 120 U.S.App.D.C. 104, 106–07, 344 F.2d 198, 200–01 (1965) (counsel's "honest belief" that pretrial stipulation did not deprive court of jurisdiction over clients was ground for Rule 60(b) relief; "counsel's ill-advised and artlessly executed effort to seek summary judgment should not deprive his clients of their day in court"); *A.F. Dormeyer Co. v. M.J. Sales & Distrib. Co.,* 461 F.2d 40 (7th Cir.1972) (failure to file copy of answer with court because of mistaken reading of summons and inexperience with local court rules was "excusable neglect" where counsel timely filed answer with opposing counsel and promptly moved to vacate after notice of default judgment).

7. *See, e.g., Central Operating Co. v. Utility Workers,* 491 F.2d 245, 252–53 (4th Cir.1974) (counsel waited four months after notice of default judgment to seek relief); *Hale v. Ralston Purina Co.,* 432 F.2d 156 (8th Cir.1970) (counsel's initial error regarding deadline for filing claims compounded by failure to file Rule 60(b) motion within one year); *Dalrymple v. Pittsburgh Consolidation Coal Co.,* 24 F.R.D. 260, 262 (W.D.Pa. 1959) (counsel completely failed to prepare for case on court docket for three years); *Williams v. Five Platters, Inc.,* 510 F.2d 963, 963–64 (C.C.P. A.1975) (counsel's failure to file brief in response to summary judgment motion was third default in same case).

8. Thus, an attorney's gross negligence will not ordinarily be imputed to the client. *See Clark v. Moler,* 418 A.2d 1039, 1042 (D.C.1980) (attorney's complete failure to defend case, when he told client he "would take care of it," is an exceptional circumstance warranting Rule 60(b) relief). Even gross negligence, however, will be imputed to a client who had reason to be aware of it and took no remedial action. *See Joseph v. Parekh,* 351 A.2d 204, 206 (D.C.1976) (client was college professor who was present at every stage of proceedings and aware of counsel's derelictions). Similarly, Rule 60(b)(1) relief is not available to a party who, though unaware of counsel's gross negligence, does not keep in touch with counsel to assure that the lawsuit is being pursued. *See Bond v. Wilson,* 398 A.2d 21, 24–25 (D.C.1979) (citations omitted) (client failed to contact attorney for a year).

*Benton v. Vinson, Elkins, Weems & Searls,* 255 F.2d 299, 301 (2d Cir.) (experienced counsel's ignorance of statute of limitations not 60(b) "excusable neglect"), *cert. denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958); *Howard v. Burlington Northern, Inc.,* 75 F.R.D. 644, 646 (D.Or.1977) (counsel's ignorance of law resulting in failure to file timely new trial motion no excuse under 60(b) ), *aff'd mem.,* 588 F.2d 842 (9th Cir.1978); *Sears, Sucsy & Co. v. Insurance Co. of N.Am.,* 392 F.Supp. 398, 412 (N.D.Ill.1974) (no 60(b)(1) relief for counsel's negligent failure to file affidavit in support of opposition to summary judgment motion); *Lapiczak v. Zaist,* 54 F.R.D. 546, 547 (D.Vt.1972) (counsel's ignorance of law resulting in failure to file timely new trial motion no excuse under 60(b) )); *In re Wright,* 247 F.Supp. 648, 659 (E.D.Mo.1965) (counsel's ignorance of procedures regarding discharge in bankruptcy does not warrant 60(b) relief); *Williams v. Five Platters, Inc.,* 510 F.2d 963 (C.C.P.A.1975) (no 60(b)(1) excuse for failure to file brief in response to summary judgment motion). *See generally* 7 J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶60.-22[2] (2d ed.1985); 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2858 (1st ed. 1973).

rageous attorney conduct that warrants relief for the client. Accordingly, the motions judge did not abuse his discretion in denying the motion to vacate.

## III.

 In view of the "outrageous" attorney conduct exception, we pause to discuss why it is appropriate to impute an attorney's mistake of law to the client under most circumstances. The "dominant purpose" of Rule 60(b), while permitting relief when warranted, is "to 'buttress the finality of judgments.'" *Railway Express Agency,* 250 A.2d at 925 (citation omitted); *see also Household Finance Corp. v. Frye,* 445 A.2d 991, 992–93 (D.C.1982); *Manos v. Fickenscher,* 62 A.2d 791, 792 (D.C.1948); 11 C. WRIGHT & A. MILLER, *supra,* at § 2857. The rule achieves this purpose by providing for postjudgment relief only under exceptional circumstances. *Clark v. Moler,* 418 A.2d 1039, 1042 (D.C.1980). However sympathetic we may be to the circumstances of this appeal, the imputation of acts and omissions of counsel to the client "is necessary for the orderly conduct of litigation." *Railway Express Agency,* 250 A.2d at 926. To give a party in appellant's position a second chance would increase the burden on other litigants in the system, as well as on our already overtaxed courts. As the court stated in *Ohliger v. United States,* 308 F.2d 667, 667–68 (2d Cir.1962): "Counsel's carelessness cannot be excused by this Court if it is to perform its obligation to other litigants whose cases are necessarily delayed by such conduct." In short, as a general proposition, the client, not the adversary or the court, must bear responsibility for retaining counsel who failed to understand the rules of court. The client's relief, if any is due, must come from the attorney.

We should add that denial of a plaintiff's motion for Rule 60(b)(1) relief from summary judgment in favor of a defendant is typically less prejudicial than a refusal to grant a defendant's motion to vacate a default judgment. A default judgment typically gives a plaintiff the benefit of an altogether unlitigated claim, *see Manos,* 62 A.2d at 793; Super.Ct.Civ.R. 55, whereas an unopposed summary judgment for a defendant at least presupposes that the trial court has "review[ed] the pleadings and other papers to determine whether the moving party is legally entitled to judgment." *Milton Properties, Inc. v. Newby,* 456 A.2d 349, 354 (D.C.1983); *see* Super.Ct. Civ.R. 56(e).

## IV.

 This would end the matter but for an issue which, in the interest of fairness, we address *sua sponte.* Recently this court, following *Milton Properties, Inc.,* stated that because the motions judge had "granted the renewed motion for summary judgment simply because 'no opposition ... [was] filed,'" without reviewing the pleadings and other papers of record, "he accordingly erred." *Kurth v. Dobricky,* 487 A.2d 220, 224 (D.C.1985). The same is true here. In granting summary judgment for appellees, the trial court's two orders merely recited, as the controlling ground, "there being no opposition thereto." This does not suffice to justify the granting of unopposed motions for summary judgment. Therefore, while the motions judge acted within his discretion in denying Rule 60(b)(1) relief on the proffered ground of counsel's mistake of law, it is also important to confirm, on the basis of the pleadings, affidavits, and other papers, whether the trial court's summary judgment orders themselves are "appropriate." Super.Ct. Civ.R. 56(e).[9]

9. Super.Ct.Civ.R. 56(e) provides in relevant part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Although *Kurth* and *Milton Properties* teach that the court may not automatically grant an unopposed summary judgment motion, Rule 56(e) does permit the court to accept the moving party's verified version of the facts if it is not countered with specificity in a timely fashion. *See Milton Properties,* 456 A.2d at 354. On the basis of the affidavits submitted by appellees Margaret and Wilson Scott, the trial court would have correctly concluded that the Scotts' actions in permitting continued use of a party wall which did not comply with code requirements did not proximately cause appellant's injuries.[10] The affidavit submitted by appellee Meridian Hill establishes that it had no independent responsibility for the allegedly defective party wall and, further, that even if the Scotts had been liable, the facts do not support an agency relationship, or any other, warranting imputation of a liability to Meridian Hill.

## V.

We conclude that the motions judge did not abuse his discretion under Rule 60(b)(1) in refusing to vacate summary judgment for appellees on the ground that appellant's counsel was ignorant of trial court rules. We also conclude, following *Kurth* and *Milton Properties, Inc.,* that the pleadings, affidavits, and other papers show appellees were entitled to judgment.

*Affirmed.*

---

**10.** Appellees Margaret and Wilson Scott submitted affidavits of two firefighters who stated that even if the separating wall had been a fire wall meeting code requirements, heavy smoke and vapors would still have filtered through the walls and ceilings, causing damage. Appellant argues that these affidavits constitute opinion evidence not admissible without proper qualification of the affiants as experts. The qualification of experts is a matter for the trial court's discretion. *See, e.g., United States v. Lopez,* 543 F.2d 1156 (5th Cir.1976) (trial court's qualification of expert upheld; dictum that contrary ruling would also have been upheld), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1150, 51 L.Ed.2d 566 (1977). Assuming appellant correctly characterized the affidavits as expert opinion, we perceive no basis why this court, absent timely opposition before the trial court, should not consider them now in evaluating the question of summary judgment. These affidavits clearly show that the only claimed negligence—a defective party wall—did not proximately cause the damage to appellant's property.