**Joyce A. McMILLAN, Appellant,**

v.

**CHOICE HEALTHCARE PLAN,
INC., Appellee.**

**No. 90–CV–613.**

District of Columbia Court of Appeals.

Argued Dec. 12, 1990.
Decided Dec. 30, 1992.

---

Brian D. Geno, Silver Springs, MD, for appellant.

Elliott B. Adler, Rockville, MD, for appellee.

Before TERRY, FARRELL and WAGNER, Associate Judges.

WAGNER, Associate Judge:

Appellant, Joyce A. McMillan, appeals from an order of the trial court denying her motion to vacate, pursuant to Super.Ct.Civ.R. 60(b), a prior order granting summary judgment in favor of appellee, Choice Healthcare Plan, Inc. (CHOICE).[1] Persuaded that the trial court did not abuse its discretion under the circumstances presented, we affirm.

## I.

Appellant filed a complaint for damages for breach of contract against appellee for its refusal to pay medical expenses she claimed under a health care plan provided by her employer, Howard University Hospital. Appellee, the administrator of the plan, was responsible for the payment of benefits. Appellant alleged that she required emergency treatment, including hospitalization, and that appellee denied coverage. Appellee contended that appellant's medical expenses were not covered under the terms of the plan because appellant's hospitalization was not: (1) an emergency admission; (2) pre-authorized by appellee as required by the contract; and (3) for services rendered at a contracted or plan hospital. Non-emergency hospitalization and medical services were not covered by the plan unless authorized in advance by the Plan Medical Director.[2] Emergency hospitalization and medical care as defined in the plan is covered. The plan defines a medical emergency as follows:

> a traumatic injury or medical condition which occurs suddenly and unexpectedly and requires immediate diagnosis and treatment. Heart attacks, severe chest pains, cerebral vascular accidents ("strokes"), loss of consciousness, convulsions, heavy or uncontrollable bleeding, and poisonings are examples of medical emergencies. Other similarly acute conditions may be determined to be a medical emergency by a Plan Physician[3] or the Plan Medical Director.

When emergency care is not pre-authorized, the Plan provides that the determination of whether an emergency existed will be based on "an objective determination by CHOICE that an emergency existed and will not be based solely on the advice of an attending physician." It is undisputed that appellant's hospitalization was not pre-authorized by the Plan Medical Director.

Appellant first saw her physician, Dr. John Niles, on October 13, 1986, for the condition for which she had surgery in December of that year. Dr. Niles was her gynecologist and personal care physician, but he was not a "referred care specialist" authorized to approve in-patient medical care at non-designated hospitals. The physician ordered certain tests for appellant, and he received the results on November 6th. The test results revealed that appel-

---

1. Appellant did not specify the subsection of Rule 60(b) under which she sought relief. From the reason stated in the motion, it appears that appellant relied on subsection (b)(1), mistake, inadvertence, surprise, or excusable neglect. We would reach no different result under subsection (b)(6) of the rule (any other reason justifying relief from judgment).

2. "Plan Medical Director" is defined as a physician, approved by CHOICE, with "on-site responsibility for the direction of medical care arranged for by the Plan."

3. A "plan physician" is defined as a plan referral physician (*i.e.*, one who has signed or is covered by a Plan Agreement), or a personal care physician (*i.e.*, a physician designated by the enrollee in the manner prescribed by CHOICE for personal care services under the plan).

lant required surgery which Dr. Niles scheduled initially for late November. Appellant rescheduled the operation for December 13th because of financial reasons and to arrange for child care. Appellant's physician admitted that although the surgery was an emergency in his opinion, it was not an emergency as defined in the CHOICE plan. The surgery was scheduled and performed at a non-plan medical facility. Appellant sought payment of her hospital expenses and doctors' bills,[4] which CHOICE denied. CHOICE reconsidered appellant's claims two times after she initially submitted them, but CHOICE ultimately denied the claims. Appellee's decision was based on a review of the medical records by its Medical Director and the conclusion of a board certified specialist in obstetrics and gynecology. Appellant filed a complaint in Superior Court seeking payment of these expenses.

Appellee filed a motion for summary judgment on December 7, 1989 which it served personally on appellant's counsel the same day. Appellant did not respond within the time required by Super.Ct.Civ.R. 12–I(e),[5] and on January 11, 1990, the trial

court granted the motion. The court's order was docketed on January 23, 1990. On January 29, 1990, appellant filed a motion to vacate the order pursuant to Super.Ct.Civ.R. 60(b)[6] and about the same time filed an opposition to the motion for summary judgment.[7] Counsel gave as his reason for failure to file the opposition timely that he had "inadvertently and mistakenly thought" that the opposition had been timely filed. Appellant did not attach to her opposition to the motion for summary judgment any affidavits or exhibits, although she referenced in support of it some of appellee's exhibits to its motion for summary judgment.[8] Appellant did not note an appeal from the order granting summary judgment.

Appellee's motion for summary judgment was based on the grounds that (1) appellant's common law claim was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001—1461 (1985), which according to appellee, is the exclusive remedy for an assertion of improper processing of claims for the benefits in issue;[9] (2) there

---

4. Dr. Niles' bill is not part of appellant's claim in this action.

5. Super.Ct.Civ.R. 12–I(e) provides in pertinent part that a "statement of opposing points and authorities shall be filed and served within 10 days or such further time as the court may grant."

6. Super.Ct.Civ.R. 60(b) reads in pertinent part as follows:
 (b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

7. The docket entry shows the opposition was filed on January 29, 1990, and appellant's certificate of service of the motion by mail reflects January 23, 1990.

8. Appellant cited exhibit 8, her own letter to appellee in which she contended that she obtained appellee's authorization for admission to the hospital, and portions of the deposition of her physician.

9. The statutory provision appellant cites which took effect January 1, 1975, provides in pertinent part that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144.

 ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. [ ] 29 U.S.C. § 1002(1).
 *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). ERISA sets forth a comprehensive civil enforcement scheme for the prompt and fair settlement of claims under benefit plans subject to the Act, 29 U.S.C. § 1132 (1985); *see also Pilot Life,* 481 U.S. at 54, 107 S.Ct. at 1556. Appellant did not argue below, nor does she raise on appeal, whether ERISA governs the disposition of her claim. For these reasons, and because appellant did not appeal from the order granting summary judgment, we do not consider or decide the issue. Our focus is upon whether the trial court abused its discretion in denying relief under Rule 60(b). To the extent required by Rule 60(b), we consider whether appellant prof-

is no proof that CHOICE's decision to deny benefits was arbitrary, capricious or in bad faith as required to establish a claim under ERISA; and (3) appellant is precluded from recovery of two medical bills because the underlying claims involved are barred by the statute of limitations. In her tendered opposition, appellant simply denied that ERISA covered her claim and contended that appellee's refusal to pay was arbitrary, capricious, and in bad faith.[10] Appellant also asserted that she followed the advice of her private physician who is a "Choice Referral Specialist" and that he diagnosed her illness as an emergency, and that she followed his instructions to enter the out-of-plan hospital.

## II.

■ Appellant did not appeal from the trial court's order granting summary judgment. Thus, the sole issue on appeal is whether the trial court abused its discretion in denying appellant's motion for relief from judgment under Super.Ct.Civ.R. 60(b). *See Joyce v. Walker,* 593 A.2d 199, 200 (D.C.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 645, 116 L.Ed.2d 662 (1991); *see also Launay v. Launay, Inc.,* 497 A.2d 443, 454 (D.C.1985). In determining whether the trial court abused its discretion, we evaluate each case in light of its peculiar facts and consider particularly whether the moving party

(1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense.

*Starling, supra* note 9, 495 A.2d at 1159. Since trials on the merits are favored, "even a slight abuse of discretion in refusing to set aside a judgment may justify reversal." *Id.*

fered an adequate defense. *See Starling v. Jephunneh Lawrence & Assoc.,* 495 A.2d 1157, 1159 (D.C.1985).

10. Appellee contends that the standard of review under ERISA is whether the decision of the administrator of the plan was arbitrary and capricious. *See, e.g., Holt v. Winpisinger,* 258 U.S.App.D.C. 343, 346–47, 811 F.2d 1532, 1535–36 (1987); *Miles v. New York State Teamsters*

■ The rule under which appellant apparently filed her motion, Rule 60(b)(1), allows for relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." This provision of the rule is designed to provide relief for a mistake which could not have been avoided through due diligence of counsel; thus, mistakes of fact are accorded greater consideration than mistakes of law. *Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 518 (D.C.1985). If there are exceptional circumstances which warrant relief from judgment, counsel must present them. *See Launay, supra,* 497 A.2d at 455. An attorney's failure to comply with court rules is a mistake of law which will rarely suffice to support the grant of relief under Rule 60(b)(1). *Id.* (citations omitted). Therefore, generally it is the client, rather than the adversary or the court, who must bear the consequences of retaining counsel who does not understand or who fails to comply with court rules. *See Lynch,* 491 A.2d at 520. We examine the facts in light of the foregoing principles.

■ Appellant's counsel was personally served with a copy of the motion for summary judgment. Having had actual notice of the motion, appellant failed to respond within the time required by the rule. Thus, the first factor extracted from *Starling* for deciding whether the trial court abused its discretion weighs against appellant. *See Starling, supra,* 495 A.2d at 1159. Appellant fares no better on the second major factor, whether the movant acted in good faith. Appellant proffered no more than a mere assertion that counsel mistakenly and inadvertently believed he had filed an opposition to the motion. Absent from appellant's motion to vacate, and even from the brief on appeal, is any explanation about the circumstances which led counsel to his mistaken belief. It is the

*Conference Pension & Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 599 (2d Cir.1983), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Robinson v. United Mine Workers of America Health & Retirement Funds,* 205 U.S.App. D.C. 330, 334, 640 F.2d 416, 420 (1981), *rev'd on other grounds,* 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982).

moving party's responsibility to present exceptional circumstances, if they exist, surrounding a claim of mistake which renders the trial court's denial of relief an abuse of discretion. *Launay, supra,* 497 A.2d at 455. Appellant did not do so here. Moreover, the record reveals that on January 11, 1990, the day the trial court granted summary judgment, the court also granted appellee's request for sanctions against appellant for failing to comply with certain discovery rules. The record also shows that appellant waited almost a year to file interrogatories, suggesting prior dilatory action. Thus, in the exercise of its discretion, the trial court could properly reject appellant's undetailed explanation and weigh the "good faith" consideration against her. *See Starling, supra,* 495 A.2d at 1159.

 Appellant did take prompt action in moving for relief from judgment. *See id.* However, appellant's late-filed opposition to appellee's motion for summary judgment did not include any opposing affidavits or other supporting documents, as required by Super.Ct.Civ.R. 56(e), demonstrating material issues of fact in dispute which would preclude summary judgment. It is also pertinent to our consideration that the trial court entered summary judgment on the merits of the dispute. Even absent an opposition, the trial court is obliged to review the pleadings and other documents of record to determine whether the moving party is entitled to judgment as a matter of law before granting summary judgment. *Kurth v. Dobricky,* 487 A.2d 220, 224 (D.C.

1985). We have no reason to conclude that the trial court did not do so in this case.[11] At the same time, under Rule 56(e), the court is permitted "to accept the moving party's verified version of the facts *if it is not countered with specificity in a timely fashion.*" *Lynch, supra,* 491 A.2d at 521. The trial court's determination of appellant's claim on the merits is significant in our analysis because "[t]raditionally, Rule 60(b) has been applied most liberally to judgments in default since the litigant in such cases has not had an opportunity to adequately present the merits of his case to the [trial] court." *Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469, 1472 (5th Cir.1989).[12] Here, appellant did have such an opportunity, including an opportunity to appeal from the judgment.

In summary, we cannot say that the trial court abused its discretion in denying relief under Rule 60(b) where the failure to timely file an opposition to the motion for summary judgment could have been avoided by due diligence, *see Lynch, supra,* 491 A.2d at 518, no exceptional circumstances have been cited for the omission, *see Launay, supra,* 497 A.2d at 455, and appellant has had the benefit of an adjudication on the merits of her claim from which she failed to note an appeal. *See Plotkin, supra* note 12, 688 F.2d at 1293. Moreover, only one of the four major factors considered in deciding such motions weighs in appellant's favor. *See Joyce, supra,* 593 A.2d at 200. We have also recognized the general principle that a failure to comply with the rules

**11.** This case differs from *Lynch* where the trial court merely recited as a basis for its order granting summary judgment that there was no opposition filed. *Lynch, supra,* 491 A.2d at 520. Therefore, in *Lynch* we considered the merits of the summary judgment motion before concluding that the trial court did not abuse its discretion in denying a motion under Rule 60(b)(1). Here the order notes the lack of opposition and specifies that the court is "fully apprised of the circumstances." Thereafter, having considered appellant's motion for reconsideration of the denial of the motion to vacate in which appellant asserted a legal defense to the merits of the motion for summary judgment, and appellee's opposition which addressed same, the trial court concluded that the motion should be denied. Although the orders were entered without any significant elaboration, it contained suffi-

cient language to indicate that the trial court had considered, as it was required to do, whether summary judgment was appropriate. *See Kurth, supra,* 487 A.2d at 224. An appeal from the order denying summary judgment, which appellant declined to take, is the appropriate vehicle to test the trial court's legal ruling on the merits.

**12.** We note again that appellant could have appealed timely the order granting summary judgment and thereby obtained a review of the propriety of the court's ruling on the merits. Appellant failed to do so. Where a deliberate choice not to appeal from the underlying order is made, relief under Rule 60(b) may be withheld. *Plotkin v. Pacific Tel. & Tel. Co.,* 688 F.2d 1291, 1293 (9th Cir.1982).

of court is a mistake of law which will seldom warrant relief under Rule 60(b)(1). *Launay, supra,* 497 A.2d at 455; *Lynch, supra,* 491 A.2d at 518. Under the circumstances, we find no abuse of discretion in the trial court's order denying relief under Rule 60(b).

Therefore, the trial court's order denying appellant's motion to vacate the order granting summary judgment hereby is

*Affirmed.*