*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CV-0640

YVONNE GANT, APPELLANT,

V.

THE LYNNE EXPERIENCE LTD, *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(2022-CA-002791-B)

(Hon. Todd E. Edelman, Motion Judge)
(Hon. Carl E. Ross, Motion Judge)

(Submitted September 18, 2024                    Decided October 31, 2024)

*Craig A. Butler* was on the brief for appellant.

*D. Stephenson Schwinn* and *Baabak Zarrabian* were on the brief for appellee Giant Foods LLC.

*Aron Zavaro* was on the brief for appellee The Lynne Experience LTD.

Before HOWARD and SHANKER, *Associate Judges*, and THOMPSON, *Senior Judge.*

THOMPSON, *Senior Judge*: Appellant Yvonne Gant sued appellee The Lynne Experience LTD ("TLE") and Giant Foods, LLC ("Giant") for negligence after allegedly having been struck and injured by a golf cart. The Superior Court determined that the District of Columbia's Workers' Compensation Act ("WCA")

provides appellant's exclusive remedy and vests primary jurisdiction over her claims in the District of Columbia Department of Employment Services ("DOES"). Concluding that appellant had not pled facts that established the court's jurisdiction and that the complaint failed to state a claim, the court (the Honorable Todd Edelman) dismissed appellant's claims against TLE, with prejudice. The court (the Honorable Carl Ross) subsequently granted summary judgment in favor of Giant, finding that the undisputed facts showed that there was not an employer-employee or master-servant relationship that could support appellant's negligence claim.

In this appeal from the dismissal with prejudice against TLE, appellant argues that she should be permitted to maintain her civil action in the Superior Court because TLE failed to "secure payment of compensation" as required by the WCA. In the alternative, she asks us to stay the proceedings so that she may present her claim to DOES. We agree with the Superior Court that on the facts pled, the WCA appears to provide appellant's exclusive remedy, such that dismissal was appropriate. However, we hold that the court should have dismissed appellant's claim *without* prejudice. We therefore affirm in part and reverse in part as to the judgment in favor of TLE.

Regarding the grant of summary judgment for Giant, we affirm.

## I. Background

## A. The Workers' Compensation Act

The WCA "is a comprehensive legislative scheme requiring employers to provide compensation for employees who are disabled or killed in the course of employment." *Harrington v. Moss*, 407 A.2d 658, 660 (D.C. 1979). Specifically, the WCA covers injury to an employee "that occurs in the District of Columbia if the employee performed work for the employer, at the time of the injury." D.C. Code § 32-1503(a)(1). The statute defines "injury" as "accidental injury or death arising out of and in the course of employment." D.C. Code § 32-1501(12). Subject to a number of exceptions specified in the statute, an employee who wishes to file a claim for compensation under the WCA must do so "within 1 year [of] the injury." D.C. Code § 32-1514(a).

"To be entitled to compensation under the [WCA], a claimant must be an 'employee,' a term of art under the Act." *Lopez v. D.C. Dep't of Emp. Servs.*, 319 A.3d 985, 989 (D.C. 2024) (citation omitted). Importantly, independent contractors are considered distinct from employees and fall outside the WCA's reach. *Id.* at 991-92.

The WCA requires employers to "secure [] payment of compensation." D.C. Code § 32-1534(a). Employers may do this by either maintaining workers'

compensation insurance or by offering satisfactory proof of their financial ability to pay workers' compensation directly. *Id.* In return for securing payment of compensation, "the employer receives tort immunity; in return for giving up the right to sue the employer, the employee receives swift and sure benefits." *USA Waste of Md., Inc. v. Love*, 954 A.2d 1027, 1032 (D.C. 2008) (quoting *Meiggs v. Associated Builders, Inc.*, 545 A.2d 631, 637 (D.C. 1988) (internal quotation marks omitted)). Thus, compensation provided to employees under the WCA is their "exclusive remedy against the employer." D.C. Code § 32-1504(b); *id.* at § 32-1504(a) (providing that the employer's liability for injuries covered by the code "shall be exclusive and in place of all liability of such employer to the employee.").

The exclusive remedy provision thus wrests from courts' hands initial jurisdiction over covered claims and gives it to DOES, the agency charged with administering the WCA.[1] *See Joyner v. Sibley Mem. Hosp.*, 826 A.2d 362, 374 (D.C. 2003). But in a case such as this one, where the issue of WCA coverage is contested between the parties, the question of which tribunal has jurisdiction to determine WCA coverage in the first instance must be answered.

---

[1] *See* Mayor's Order No. 82-126, 29 D.C. Reg. 2843 (1982) (delegating authority to administer the WCA to DOES).

To do so, we utilize the "substantial question" approach:

> [W]hen there is a substantial question as to whether an employee's injuries are covered by [the WCA], the employee must first pursue a remedy under the statute, thereby permitting [DOES] to make the initial decision concerning coverage. . . . [A] substantial question will exist unless the injuries were *clearly* not compensable under the statute.

*Harrington*, 407 A.2d at 661 (emphasis in original); *see also Joyner*, 826 A.2d at 374 ("[W]hen an injury occurs during the performance of an employee's duties, a substantial question will exist, and thus the agency will have primary jurisdiction, unless the injuries were *clearly* not compensable under the statute." (internal quotation marks omitted) (emphasis in original) (citing *Estate of Underwood v. Nat'l Credit Union Admin.*, 665 A.2d 621, 631 (D.C. 1995))).  Thus, if there is no substantial question—that is, if a claim is *clearly* not compensable under the WCA—then courts may exercise jurisdiction and hear the case.[2] *Underwood*, 665

---

[2] Some scholars and jurists have argued that substantiality ought to be determined by the agency in all instances.  *See* Note, *Employee Injury Cases: Should Courts or Boards Decide Whether Workers' Compensation Laws Apply?* 53 U. Chi. L. Rev. 258, 266-67 (1986) (noting that "courts have neglected to define what constitutes a 'substantial question.'"); *Bailey v. United States*, 451 F.2d 963, 968 (5th Cir. 1971) (Clark, J., dissenting) ("I perceive the crucial issue not to be whether a substantial question of coverage exists under the [Federal Employees' Compensation Act], but who, the court or the [agency], should make the determination of substantiality.  They opt for court determination.  I would reach a different result . . . .").  We, however, are bound by our precedent on this issue.  An employee who was injured on the job and seeks to maintain a claim against an

A.2d at 624, 631, 634 (determining as a matter of law that plaintiff's injuries were "clearly . . . not compensable under the statute," and holding that "we have jurisdiction; [and] that the [WCA] does not provide an exclusive remedy applicable here."); *see also Lucero-Nelson v. Wash. Metro. Area Transit Auth.*, 1 F. Supp. 2d 1, 9-10 (D.D.C. 1998) (denying defendant's motion for summary judgment because plaintiff's injuries were not compensable under the WCA). If there is uncertainty as to WCA coverage, a court should stay the proceeding pending DOES's disposition of the claim. *See, e.g.*, *Taylor v. D.C. Water & Sewer Auth.*, 957 A.2d 45, 53-54 (D.C. 2008); *Joyner*, 826 A.2d at 374; *Tekle v. Foot Traffic, Inc.*, 699 A.2d 410, 416 (D.C. 1997); *Harrington*, 407 A.2d at 664; *see also Howard v. Fed. Express Corp.*, 280 F. Supp. 3d 26, 34 (D.D.C. 2017). But if the claim seems "clearly" to be covered by the statute, our case law instructs that the trial court is to dismiss the case. In *Grillo v. Nat'l Bank of Wash.*, for example, we held that because the plaintiff's injury "uncontestably occurred in the course of employment . . . remanding the instant case to [DOES] for an initial determination

---

employer in court "bear[s] the burden of disproving [WCA] coverage." *Harrington*, 407 A.2d at 662. There are many ways in which an employee could do so, *see id.* at 661, but, before the Superior Court, appellant referenced only one method in opposing dismissal of her complaint: the employee may maintain a civil action against her employer if the employer "failed to secure payment of compensation." D.C. Code § 32-1504(b).

of coverage" would serve "no purpose." 540 A.2d 743, 750 (D.C. 1988). We therefore affirmed a dismissal of plaintiff's claim for failure to state a claim. *Id.* at 744.

## B.    The Incident

Appellant's complaint alleges that TLE, assertedly an "authorized subcontractor" of Giant, hired her as an employee to work as a "runner" at an event. According to appellant, while she was performing her duties, another TLE employee, Richard Smith, negligently struck her with a golf cart. Appellant claims that Smith was "unsupervised at the time of the incident," and was "operating the [golf cart] in furtherance of his employment and duties." Appellant contends that as a result of the incident, she suffered injuries and damages.

Two years after the alleged incident, appellant sued TLE and Giant for negligence in failing to properly train, supervise, and manage employees and subcontractors at the event. The complaint asserted that "[TLE] is legally responsible for any and all negligent acts of Smith," because it "ha[d] a duty to properly train and supervise employees who operate [TLE's] golf carts." Similarly, appellant alleged that "Giant is legally responsible for any and all negligent acts of [TLE]," because it "ha[d] a duty to properly train and manage subcontracts [*sic*] that operated golf carts at the . . . event." Appellant further alleged that TLE and Giant breached their respective duties "by failing to ensure

that the golf cart was operated reasonably; failing to ensure the maintenance of proper control of the golf cart; and failing the [*sic*] properly supervise, train, and manage" Smith and TLE, respectively. It was solely as a result of appellees' negligence, appellant argues, that she suffered injuries and damages.

TLE moved to dismiss with prejudice, arguing that the WCA provides appellant's exclusive remedy. In opposition, appellant argued that because TLE failed to establish that it secured payment of compensation as required by the WCA, she should be permitted to maintain her civil action. Alternatively, appellant argued that the court should stay the proceedings to allow her time to present her claim to DOES. The Superior Court ruled that it was appellant's burden to establish TLE's non-compliance with the statute and that she did not meet that burden. With nothing, other than appellant's bald assertion, to suggest that appellant's claim fell outside the WCA's coverage and that the Superior Court had jurisdiction, the court agreed with TLE that the WCA provides appellant's exclusive remedy. The court reasoned that "DOES has primary jurisdiction over [appellant's] claim" because "there is no question that [appellant's] alleged injuries are covered by, and compensable under, the WCA." But in dismissing appellant's claim, the court did so with prejudice, reasoning that a claim under the WCA would be time-barred by D.C. Code § 32-1514(a).

In a subsequent order, the Superior Court also granted Giant's unopposed motion for summary judgment. In support of its motion, Giant filed two affidavits, one from Giant's Director of External Communications and Community Relations Felis Andrade ("Andrade Affidavit") and one from the President of Barbecue Battle Inc. ("BBI") Allen Tubis ("Tubis Affidavit"). The Andrade Affidavit noted that Giant was merely a sponsor of the event; that BBI was the owner, organizer, and manager of the event; and that Giant had no part in the procurement, management, or control of any staff from third-party vendors for the event. Similarly, the Tubis Affidavit noted that BBI was the owner of the event; that BBI contracted with PromoWorks to staff the event; that TLE was a third-party contractor hired by PromoWorks; and that Giant was a sponsor with no hand in managing the event. Giant also filed a document entitled "Sponsorship Agreement" which appears to be a contract between Giant and BBI clarifying Giant's role as a sponsor of the event.

Because appellant never filed an opposition to Giant's motion and never otherwise addressed any of Giant's evidence, the Superior Court treated Giant's evidence as undisputed.[3] On that basis, the court found that there was no

---

[3] The Superior Court had an independent obligation to determine whether summary judgment was warranted. *See Lynch v. Meridian Hill Studio Apts., Inc.*, 491 A.2d 515, 520 (D.C. 1985) (stating that the absence of opposition "does not suffice to justify the granting of [an] unopposed motion[] for summary judgment,"

employer-employee relationship necessary to prove liability on appellant's negligent supervision theory, and likewise no master-servant relationship necessary to prove liability on appellant's respondeat superior theory. Accordingly, the Superior Court determined that Giant was entitled to judgment as a matter of law.

Now on appeal, appellant renews her argument that TLE failed to establish that it secured payment of compensation as required by the WCA, asserting that her case should not have been dismissed. For the first time on appeal, appellant also claims that she was an independent contractor of TLE rather than an employee, including in her appendix an email printout that allegedly supports this claim. In the alternative, appellant asks us to stay the proceedings, arguing again that "substantial questions" exist as to the applicability of the WCA to her claim. Appellant has also appealed the order granting summary judgment in favor of Giant but makes no arguments against it in her brief.

---

but noting that the court may "accept the moving party's verified version of the facts if it is not countered with specificity in a timely fashion."); *see also Childs v. Purll*, 882 A.2d 227 (D.C. 2005) (reviewing on the merits the Superior Court's order granting summary judgment for defendant despite plaintiff's having failed to file an opposition before the order was entered).

## II. Dismissal with Prejudice of Appellant's Claims Against TLE

TLE's motion to dismiss was styled as a Super. Ct. Civ. R. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, premised on the argument that appellant was "statutorily barred from bringing a suit against TLE on the grounds that the WCA provides her exclusive remedy," such that the Superior Court lacked jurisdiction to hear the dispute. The Superior Court agreed that appellant's complaint did not plead facts showing "that her claim falls outside the WCA's purview and that this Court therefore has jurisdiction" and found that "DOES has primary jurisdiction over [appellant's] claim."

The court also stated that appellant could "prove no set of facts in support of her claim which would entitle her to relief," thus paraphrasing Rule 12(b)(6). However, in light of TLE's and the Superior Court's focus on jurisdiction, we find it appropriate to review TLE's motion and the January 18 order as if they were pursuant to Rule 12(b)(1), authorizing motions to dismiss for lack of subject-matter jurisdiction. *See UMC Dev., LLC v. District of Columbia*, 120 A.3d 37, 43 (D.C. 2015) (noting that a challenge to a court's subject matter jurisdiction is properly raised "via a motion to dismiss under Super. Ct. Civ. R. 12(b)(1)."); *Pardue v. Ctr. City Consortium Schs. of the Archdiocese of Wash., Inc.*, 875 A.2d 669, 674 (D.C. 2005) (noting that courts have alternatively turned to Rule 12(b)(1) and Rule

12(b)(6) to resolve cases raising issues of subject matter jurisdiction); *Moradi v. Protas, Kay, Spivok & Protas, Chartered*, 494 A.2d 1329, 1332 (D.C. 1985) ("[T]he nature of a motion is determined by the relief sought, not by its label or caption." (internal quotation marks omitted)); *Continental Ins. Co. v. Sandi Group, Inc.*, 804 F. Supp. 2d 59, 62 (D.D.C. 2011) ("Although styled as a motion to dismiss under [Rule 12(b)(6)] . . . defendants argue that the Court should first allow the [administrative law judge] to rule on coverage issues, and therefore the Court should decline to exercise jurisdiction over this case. Accordingly, the Court will treat defendant's motion as a motion to dismiss under the doctrine of primary jurisdiction . . . .").

"[O]ur standard of review is de novo because 'the issue of subject matter jurisdiction is a question of law.'" *Heard v. Johnson*, 810 A.2d 871, 878 (D.C. 2002) (quoting *Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith v. Beards*, 680 A.2d 419, 427 (D.C. 1996)). We have recognized that a motion to dismiss may attack a court's jurisdiction either "facially" or "factually." *Heard*, 810 A.2d at 877. A "facial" attack focuses on the jurisdictional allegations in the complaint itself, and we "determine jurisdiction by looking only at the face of the

complaint and taking the allegations in the complaint as true."[4] *Id.* By contrast, a "factual" attack "challenge[s] the existence of subject matter jurisdiction irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits are considered." *Id.* at 878 (internal quotation marks omitted).

In its motion to dismiss, TLE focused its argument entirely on the allegations of the complaint, noting that because appellant alleged that she was an employee of TLE and "that she suffered injuries as the result of negligence of a co-worker," she was statutorily barred from bringing suit "on the grounds that the WCA provides her exclusive remedy." Thus, TLE mounted a facial attack, and we must "determine jurisdiction by looking only at the face of the complaint and taking the allegations in the complaint as true." *Heard*, 810 A.2d at 878.

Taken as true, the complaint's allegation that appellant suffered injuries "while performing her duties as an employee" implies that appellant's claim is covered by the WCA, and there is nothing in the complaint that would lead the reader to believe otherwise. The WCA specifically covers injury to an employee "that occurs in the District of Columbia if the employee performed work for the employer, at the time of the injury," D.C. Code § 32-1503(a)(1), and appellant

---

[4] In that regard, "the result is the same under either Rule 12(b)(1) or Rule 12(b)(6)." *Stockslager v. District of Columbia Nat'l Guard*, 703 F. Supp. 3d 695, 698 (D. Md. 2023).

alleges exactly that. Thus, under our "substantial question" approach described above, appellant's claim against TLE seemed clearly to be covered by the WCA, making outright dismissal in favor of DOES's primary jurisdiction, rather than a stay for referral to DOES, the appropriate remedy.[5]

However, we conclude that the Superior Court erred in dismissing appellant's complaint with prejudice rather than without prejudice. The court's

---

[5] We note that if TLE had made a factual attack on jurisdiction, "'no presumptions of truthfulness [would have] adhered to the allegations of the complaint [such as the allegation here that appellant was an employee],'" *Pardue*, 875 A.2d at 675 (quoting *Heard*, 810 A.2d at 878), and the Superior Court could have weighed the evidence before it that was pertinent to jurisdiction. *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). However, as the Superior Court correctly recognized, it would have been *appellant's* burden to prove the point that she now argues, i.e., that TLE did *not* secure payment of compensation or that appellant was an independent contractor, not *TLE's* burden to prove otherwise.

Beyond merely stating (in her opposition to TLE's motion to dismiss) that TLE did not secure payment of compensation, appellant has provided no support for her assertion. *See Harrington*, 407 A.2d at 662. Similarly, although appellant asserts in her brief to this court that it is "clear" she was an independent contractor, she provides little support for that claim. To be sure, an email included in appellant's appendix (but not attached to her complaint or otherwise presented to the Superior Court) contains a request that appellant, as a member of the "BBQ staff," "agree to the terms of the Independent Contractor Agreement." But because the question of whether someone is properly classified as an employee or an independent contractor for purposes of WCA coverage depends on a number of factors, *see Lopez*, 319 A.3d at 992, a one-line request in an email would have fallen far short of satisfying appellant's burden of *proving* that jurisdiction lay with the Superior Court.

rationale for the with-prejudice dismissal rested on its observation that a workers' compensation claim would be time-barred by D.C. Code § 32-1514(a). But, having essentially found that it lacked jurisdiction, the court should not have gone on to issue what amounted to a ruling on the merits: a dismissal of appellant's claim with prejudice. *See UMC Dev.*, 120 A.3d at 48 (noting that a defect of jurisdiction "may only result in a dismissal *without* prejudice. In other words, a court which lacks [jurisdiction] may not issue a ruling on the merits." (emphasis added)); Sup. Ct. Civ. R. 41(b)(1)(B) ("a dismissal by the court—except a dismissal for lack of jurisdiction or for failure to join a party under Rule 19— operates as an adjudication on the merits."); *Colvin v. Howard University*, 257 A.3d 474, 485 (D.C. 2021) (noting that "an adjudication on the merits is synonymous with a dismissal with prejudice." (internal quotation marks omitted)). To be sure, the Superior Court may very well be correct that any claim appellant might make under the WCA is time-barred, but any determination in this regard is DOES's to make in the first instance.

### III. Grant of Summary Judgment for Giant

Giant contends that because appellant never filed an opposition to its motion for summary judgment and because her brief does not make any arguments against the Superior Court's June 29 order granting Giant summary judgment, appellant

"effectively waived her ability to appeal the order." We agree. *See Rose v. United States,* 629 A.2d 526, 535 (D.C. 1993) (citing the "basic principle of appellate jurisprudence that points not urged on appeal [generally] are deemed to be waived").

Nevertheless, for the sake of argument, we may assume that appellant—who did file a timely notice of appeal from the June 29 order that granted summary judgment in favor of Giant and specifically named Giant as a party on appeal—failed inadvertently to present argument, such that she cannot be said to have intentionally waived her "ability to appeal" as Giant asserts.[6] Even on that assumption, by failing to make any arguments as to Giant, appellant may fairly be deemed to have abandoned her appeal against Giant, and she certainly has abandoned any particular points she might have made against the grant of summary judgment. *See English v. United States*, 25 A.3d 46, 49 (D.C. 2011) ("Points not urged in a party's initial brief are treated as abandoned." (internal quotation marks omitted)). And in any event, we discern no error because the

---

[6] In other contexts, we have said that a waiver is "'an intentional relinquishment or abandonment of a known right or privilege.'" *Allen v. United States*, 495 A.2d 1145, 1151 n.11 (D.C. 1985) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

summary judgment standard was met[7]: no facts relevant to the potential liability of Giant were placed in dispute and, with appellant not having countered Giant's showing that it was not appellant's or TLE's employer and that it was a mere sponsor and not an owner, manager, supplier of staff, or contractor of the event at which appellant allegedly was injured, Giant was entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of dismissal as to TLE but remand for entry of an order of dismissal without prejudice. As to Giant, we affirm the grant of summary judgment. It is

*So ordered.*

---

[7] *See Balkissoon v. Capitol Hill Hosp.*, 558 A.2d 304, 307 (D.C. 1989) (stating that this court "will not affirm a grant of summary judgment unless there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law").